1 | **WANG HARTMANN GIBBS & CAULEY, PC**
Richard F. Cauley (SBN: 109194)
2 | rcauley@whgclaw.com
1301 Dove Street, Suite 1050
3 | Newport Beach, California 92660
Telephone: (949) 833-8483
4 | Facsimile: (949) 833-2281

5 | Attorneys for Plaintiff
WANG HARTMANN GIBBS & CAULEY, PLC
6 |

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

10 |

11 | WANG HARTMANN GIBBS & CAULEY, PLC, a  Corporation,

12 |                             Plaintiff,

13 |

14 | vs.

15 | JASON BRIAN WITTEN, an

16 | individual; and WANG, HARTMANN, GIBBS & CAULEY

17 | LTD., a United Kingdom Private

18 | Limited Company.

19 |

20 |                             Defendants.

21 |

22 |

Case No.: SACV10-01499 JVS (MLGx)

**COMPLAINT FOR:**

1.  **FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**
2.  **BREACH OF FIDUCIARY DUTY**
3.  **UNFAIR BUSINESS PRACTICES**
4.  **DECLARATORY RELIEF**

**DEMAND FOR JURY TRIAL**

23 |

24 |       Plaintiff, WANG, HARTMANN, GIBBS & CAULEY, PLC, a California

25 | corporation, by and through its attorneys of record, alleges as follows:

26 |

27 |

28 |

1

COMPLAINT

**PARTIES**

1.     Plaintiff, WANG, HARTMANN, GIBBS & CAULEY, PLC ("WHGC") is and at all times herein mentioned, a corporation organized and existing under the laws of the state of California, with its principal place of business located in Newport Beach, California.

2.     WHGC is informed and believes that at all times relevant hereto, Defendant JASON BRIAN WITTEN (hereinafter "Witten") is and at all times herein mentioned, an individual formerly employed by WHGC, California and currently residing in the City of London, England.

3.     WHGC is informed and believes that at all times relevant hereto, Defendant WANG, HARTMANN, GIBBS & CAULEY LTD. (hereinafter "WHGC UK") is and at all times herein mentioned, was limited company organized and registered under the laws of the United Kingdom, with its principal place of business at Blackwell House, Guildhall Yard, London EC2v 5AE.

4.     WHGC is informed and believes, and based thereon alleges, that at all times relevant herein, each of the Defendants named herein was the principal, agent, servant, joint venturer and/or employee of the other Defendants; and in doing the things alleged herein, was acting within the course and scope of such agency, joint venture and/or employment with the advance knowledge, permission, consent and/or acquiescence, or subsequent ratification of each and every remaining Defendant. WHGC is further informed and believes, and based thereon alleges, that at all times relevant each of the Defendants named herein is or was responsible and liable in some manner for acts, omissions and damages as alleged herein.

5.     WHGC is informed and believes, and based thereon alleges, that at all times relevant herein, Defendant Witten was merely the alter ego of Defendant WHGC UK. WHGC is informed and believes, and based thereon alleges, that at all times relevant herein there was such a unity of interest between Defendant

1   Witten and WHGC UK, that the separate personality of Defendant WHGC UK did
2   not in reality exist.  WHGC is informed and believes that Witten has attempted to
3   utilize the alleged corporate "veil" of Defendant WHGC UK to perpetrate a fraud,
4   circumvent contractual obligations, and/or to accomplish other wrongful and/or
5   inequitable purposes.   On information and belief, those wrongful and/or
6   inequitable purposes were accomplished by, among other things, commingling
7   funds and other assets, Defendant WHGC UK's wholly inadequate capitalization
8   as compared with its business operations and the risk of loss attendant thereto, and
9   Witten's disregard of corporation formalities relative to Defendant WHGC UK.

10                              **JURISDICTION AND VENUE**

11        6.     This claim has been brought for violation of the section 43(a) of the
12   Lanham Act, 15 U.S.C. 1125(a). This court accordingly has original subject matter
13   jurisdiction pursuant to the provisions of 28 U.S.C. section 1331, 1338 and 15
14   U.S.C. 1121(a).

15        7.     This Court further has supplemental jurisdiction over WHGC's State
16   Law actions under 28 U.S.C. section 1367(a).  It is appropriate for this Court to
17   exercise supplemental jurisdiction over these claims, which are so directly related
18   to the Lanham Act claims in which this Court has original jurisdiction, that they
19   form a part of the same case or controversy under Article III of the United States
20   Constitution.

21        8.     Venue is proper under 28 U.S.C. section 1391(b)(2) since a
22   substantial part of the events giving rise to the claims occurred in this district, and
23   Defendants conduct business in California.

24        **ALLEGATIONS IN SUPPORT OF ALL CAUSES OF ACTION**

25        9.     WHGC is a professional law corporation that has provided
26   professional legal services to clients both in the United States and overseas since at
27   least 1999.

28        10.    Witten had been, and was an employee of WHGC since the inception

1   of the company.  Witten began his long career with the firm first as a law clerk,
2   and has been employed on a full-time basis by WHGC as an attorney since being
3   admitted to the California State Bar in the year 2002.  Due to his long-time work
4   and service to WHGC, Witten was an employee that was eventually entrusted by
5   WHGC with many management-related duties of the firm, and was relied upon for
6   his continued work and advisement for WHGC in the firm's continued growth and
7   expansion.  During his employment with the firm, and to facilitate the performance
8   of duties on behalf of the firm, Witten was entrusted by WHGC with the
9   company's intimate details including clientele, financial information, and internal
10  management and external business strategies. In doing so, WHGC relied upon
11  Witten's continued loyalty and dedication to the firm and trusted that Witten would
12  not use that information for his sole personal benefit and/or in a manner that would
13  injure the firm.

14      11.   In about the year 2009, Witten began to suggest to WHGC that it
15  should expand and facilitate its services to its clients in Europe by setting up an
16  affiliate office in London, England.   Witten further requested that he be the
17  individual principally responsible in assisting WHGC to set up and manage the
18  affiliate office.

19      12.   Eventually, based upon the trust and confidence that WHGC had in
20  Witten's abilities and loyalty to the firm, WHGC agreed to allow Witten a limited
21  amount of time to set up an office in London to test the viability and profitability
22  of having such an office in that location to expand WHGC's business.

23      13.   Witten left for the United Kingdom in March 2010 to set up WHGC's
24  London office, and WHGC is informed and believes that Witten has resided in
25  England since that time.

26      14.   The agreement between WHGC and Witten required that, while
27  Witten was operating an affiliate office in the United Kingdom, Witten remained a
28  full-time employee of WHGC, with full salary and benefits including a 401K

1    retirement savings plan.  Furthermore, WHGC agreed to continue to provide
2    Witten with coverage under its legal malpractice insurance policy for legal services
3    provided on behalf of WHGC.  Moreover, as a full-time employee of WHGC, all
4    clients for whom Witten performed legal services were WHGC's clients.

5        15.    Furthermore, while Witten conducted his affiliate business on behalf
6    of WHGC, administration and accounting matters were to remain centrally-based
7    in, and directed from, Newport Beach, California.  For example, WHGC would
8    continue to refer its clients to Witten and support Witten by making available to
9    him the firm's research resources, computer, email account, cellular phone,
10   attorneys, and staff in connection with his work on behalf of the firm.
11   Concomitantly, all clients for whom Witten provided services from his offices in
12   London, England were to be reported by Witten directly to WHGC, and unless
13   otherwise expressly authorized, all invoices for legal services to those clients were
14   to be prepared and issued to clients by WHGC's Newport Beach accounting
15   department.  Moreover, Witten was required to continue to report his attorney-
16   billed time to WHGC at its Newport Beach office.

17       16.    Since he left for the United Kingdom in March 2010, Witten appeared
18   to be performing legal services from his offices in London on behalf of, and in the
19   interest of WHGC, in the manner agreed-to and negotiated by and between WHGC
20   and Witten as described hereinabove.  However, due to Witten's inability to
21   generate sufficient clientele and income for WHGC through the London-based
22   office, the decision was made by WHGC in September 2010 to close the London
23   office and to request that Witten return to the United States to his former status.
24   When requested to do so, Witten flatly refused to do so.

25       17.    While disappointed with Witten's refusal to return to the United States
26   in September, WHGC agreed with Witten to allow Witten to continue his
27   affiliation with WHGC on the condition that his status be reduced from full-time
28   employment to "of counsel" status, under which he would be paid based on an

COMPLAINT

hourly-rate rather than a full-time salary.  This status was to become effective October 1, 2010.

18.    Immediately after the parties had negotiated Witten's new "of counsel" employment, however, WHGC learned that Witten had been conducting himself in a manner that was in egregious conrtravention of the parties' agreement and/or understanding, and had instead been engaging in activities for his own personal benefit and to the direct injury of WHGC – an employer with whom Witten had shared a long-standing relationship based on loyalty, trust, and confidence, that eventually developed into one of a fiduciary nature.

19.    Specifically, while Witten appeared to report his time billed to WHGC's clients on a monthly-basis, it was discovered by WHGC that he had in fact been providing unreported services to WHGC's clients and billing them separately without WHGC's knowledge, consent, or authority.

20.    On October 1, 2010, WHGC was surprised to discover an email sent by Witten on that date to one of WHGC's long-standing clients, which attached an invoice dated October 1, 2010, billing the client for services rendered throughout the month of September, 2010.  In fact, the invoice was issued by Witten for these legal services to said client without reporting those services to WHGC and therefore without WHGC's knowledge or authority.  The invoice further indicated that Witten had also received payment from the client for services provided the previous month in August, 2010.  Imprinted on the invoice was WHGC's registered trade name and logo.  However, it was purportedly issued by a "Ltd." rather than "P.L.C."  Furthermore, the email from Witten to which the invoice was attached, listed WHGC's Newport Beach address as an additional business office of WHGC UK. (A true and correct copy of the name and logo used by Defendants is attached hereto as Exhibit "B.")

21.    Upon further investigation, WHGC discovered that this "Ltd." company was had been set up by Witten and registered in the United Kingdom as

1    Defendant WHGC UK in about April 2010, immediately after Witten had moved
2    to the United Kingdom.

3         22.   Upon yet further investigation, it was discovered that Witten had been
4    using WHGC's trademarked name and logo and WHGC's resources in order to
5    secretly communicate with and/or provide services to other existing and/or
6    prospective clients of WHGC. Furthermore, WHGC is informed and believes that
7    these clients were instructed by Defendants to pay Defendants directly and without
8    notice to WHGC, through a separate account in Witten and/or WHGC UK's name.

9         23.   After discovering this conduct, WHGC immediately contacted Witten
10   by email and demanded that he cease and desist his conduct and further informed
11   him that, effective immediately, Witten was no longer able to use WHGC's name
12   or communicated with WHGC's clients without WHGC's prior approval.

13        24.   In response to WHGC's email, Witten admitted that he had been
14   providing services for this client since at least July 2010, and further admitted and
15   apologized for operating his separate "UK firm" to "try[] to pull a UK firm client
16   away" from WHGC.

17        25.   In sum, Defendants' business was secretly conducted to effectively
18   compete directly against Witten's own employer, using WHGC's trademarked
19   name and logo, WHGC's resources, and WHGC's goodwill.

20        26.   WHGC is further informed and believes that Witten pressured and
21   instructed WHGC's own staff to enable him to conceal his activities and
22   transactions from WHGC.

### FIRST CAUSE OF ACTION

#### (Trademark Infringement)

#### (Against All Defendants)

26        27.   WHGC incorporates by reference all allegations contained in all
27   preceding and subsequent paragraphs.

28        28.   Based on information and belief, Defendants' conduct complained of

herein constitutes Unfair Competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

29.    Based on information and belief, WHGC has been seriously and irreparably damaged by Defendants' unlawful conduct described herein, by using WHGC's registered trademark and logo to develop an independent business to the exclusion of WHGC, without the knowledge or consent of WHGC.

30.    Based on information and belief, such conduct will continue, and further damage and harm inflicted upon WHGC unless Defendants' conduct is enjoined.

31.    Upon information and belief, and as a result of the acts of Defendants, WHGC has suffered and will continue to suffer monetary damages in an amount not yet determined.  Additionally, WHGC has incurred and will incur liability for costs and attorneys' fees.

32.    Upon information and belief, Defendants' conduct complained of herein was intentional, malicious, and willful.

33.    Upon information and belief, unless Defendants are restrained and enjoined by this Court, Defendants' actions will continue to cause irreparable harm and injury to WHGC.

## SECOND CAUSE OF ACTION

### (Breach of Fiduciary Duty and Duty of Loyalty)

### (Against Witten)

34.    WHGC incorporates by reference all allegations contained in all preceding and subsequent paragraphs.

35.    As described above, the relationship between WHGC and Witten grew over the course of many years into one that was fiduciary in nature.  Indeed, Witten was so entrusted with the firm's affairs that he was allowed to represent himself to clients and vendors as a principal and agent of the firm with both management and supervisory duties, and with authority to bind the firm into

COMPLAINT

1   contracts with third parties.  In fact, Witten's fiduciary duty to WHGC further
2   arose out of his position and status as an agent and key employee of WHGC. Such
3   duties included, but were not limited to the following:

    a.   Obtaining and maintaining clients for WHGC;

    b.   Supervising and directing the work and activities of associates at WHGC;

    c.   The provision of opinions and analyses for WHGC related to its internal financial and legal affairs;

    d.   The negotiation of contracts with WHGC's vendors and suppliers;

    e.   Serving as the "face" of the firm in both domestic and international sales "pitches."

12       36.   In the course of performing his duties as set forth herein, Witten was
13   entrusted by WHGC with an intimate knowledge and understanding of WHGC's
14   confidential and proprietary information for the sole purpose of enabling him to
15   perform his various duties as a key employee of WHGC, placing him in a position
16   in which he was required to exercise management-level discretion in WHGC's best
17   interests. Indeed, WHGC reposed the highest degree of trust and confidence in
18   Witten to use this information and WHGC's resources to further – not injure –
19   WHGC's business goals, and Witten accepted this relationship in connection with
20   his continued employment with WHGC while operating out of his office in the
21   United Kingdom.

22       37.   Not only was Witten entrusted with the care and responsibility for the
23   firm's clients and their private information, he was entrusted with access to
24   WHGC's books, records, and computer files and information encompassing,
25   without limitation, WHGC's billing structures and information, the historical
26   financial information of WHGC, the tax and compensation records of the
27   shareholders, attorneys, and staff of WHGC. As referenced above, by virtue of his
28   duties and position with WHGC, where he was entrusted with the above

responsibilities and obligations to protect and preserve WHGC's confidences, Witten was bound by a fiduciary duty to refrain from conduct including, without limitation, unlawfully using, disclosing, or distorting such information to WHGC's detriment and injury.

38.   On information and belief, WHGC UK, as the entity through which Witten conducted the unlawful activities described above, the direct beneficiary of the obvious and further as an ostensible agent of WHGC purporting to perform services on WHGC's behalf, similarly shared a confidential and fiduciary relationship with WHGC, and owed to WHGC the highest duties of loyalty, care, and disclosure as were owed by Witten to WHGC.

39.   Witten breached his fiduciary duty to WHGC by negligently, deliberately, intentionally and/or recklessly disregarding the rights of WHGC and failing to perform his obligations to WHGC.

40.   Due to WHGC's trust and reliance on Witten's express and implied representations and omission, WHGC could not and did not discover the breaches of duties, the falsity of the representations, and the actual omissions, as alleged herein, until in or October 2010.

41.   As a direct and legal result of the breach of fiduciary duty of Witten, as alleged herein, WHGC has suffered general damages in a sum according to proof.

42.   Witten's conduct described hereinabove was done with a conscious disregard of WHGC's rights and with an intent to vex, injure or annoy WHGC, such as to constitute oppression, fraud, or malice pursuant to California Civil Code Section 3294, thereby entitling WHGC to punitive damages in an amount appropriate to punish, deter, or set an example of Defendant.

**THIRD CAUSE OF ACTION**

**(California Statutory Unfair Competition – Cal. Bus. And Prof. Code section 17200, et seq.)**

**(Against All Defendants)**

43.     WHGC incorporates by reference all allegations contained in all preceding and subsequent paragraphs.

44.     By the conduct of Defendants alleged above, Defendants have intentionally and willfully engaged in unlawful, unfair and/or fraudulent methods of competition, and unfair or deceptive acts and/or practices, in violation of Cal. Bus. & Prof. Code section 17200, et seq.

45.     Based on information and belief, WHGC alleges that unless restrained by this Court, Defendants will continue to infringe WHGC's trademarks, and use WHGC's confidential information in an unlawful manner designed to compete directly against WHGC.

46.     WHGC requests that the conduct be enjoined, and that any monies derived by Defendants from such unlawful conduct be disgorged in favor of WHGC.

**FOURTH CAUSE OF ACTION**

**(Declaratory Relief)**

**(Against All Defendants)**

47.     WHGC incorporates by reference all allegations contained in all preceding and subsequent paragraphs.

48.     WHGC is informed and believes, and based thereon alleges, that an actual controversy has arisen and now exists between WHGC, Witten, and WHGC UK concerning their respective rights and duties in that WHGC contends that Defendants were never authorized to engage in the activities herein described.

49.     WHGC desires a judicial determination of Witten and WHGC UK's

1    rights and duties, and a declaration including, without limitation, the following:

a.    That at all relevant times herein through September 30, 2010, "Wang, Hartmann, Gibbs & Cauley, PLC," "Wang, Hartmann, Gibbs & Cauley," "WHGC," and any substantially similar permutations thereof including without limitation "Wang, Hartmann, Gibbs & Cauley Ltd.," as well as the logo attached hereto as Exhibit "A," are, and were, federal trademarks owned by WHGC and were and are protected from any infringement by Witten and WHGC UK (the "Trademark");

b.    That at all relevant times herein through September 30, 2010, Witten was a full-time employee of WHGC;

c.    That at all relevant times herein through September 30, 2010, Defendants have never owned any interest in the Trademark;

d.    That at all relevant times herein through September 30, 2010, Defendants have never obtained any express license from WHGC to use the Trademark;

e.    That at all relevant times herein through September 30, 2010, Defendants have had no authority, either express, implied, or otherwise, to use, transfer, and/or assign the Trademark in any manner other than for the purpose of providing services to WHGC's clients for WHGC's benefit, if at all;

f.    That at all relevant times herein through September 30, 2010, Defendants were prohibited using, transferring, and/or assigning the Trademark in any manner for purposes other than (at a maximum) providing services to WHGC's clients for WHGC's benefit, if at all;

g.    That at all relevant times herein, Defendants have had no authority, either express, implied, or otherwise, to use, transfer, and/or assign any equipment or resources of WHGC such as (without limitation) its

COMPLAINT

1   computers, software, email system, cellular telephone, online research
2   databases, staff, and attorneys in any manner other than for the
3   purpose of providing services to WHGC's clients for WHGC's
4   benefit, if at all;

5   h. That at all relevant times herein through September 30, 2010,
6   Defendants were prohibited using, transferring, and/or assigning any
7   equipment or resources of WHGC such as (without limitation) its
8   computers, software, online research databases, email system, cellular
9   telephone, staff, and attorneys in any manner for purposes other than
10   providing services to WHGC's clients for WHGC's benefit, if at all;

11   i. That at all relevant times herein through September 30, 2010, any
12   clients for whom Defendants provided legal services were in fact
13   clients of WHGC, irrespective of whether the clients were referred to
14   Defendants by WHGC or whether such clients were obtained by
15   Witten separately;

16   j. That at all relevant times herein through September 30, 2010, that
17   Defendants owed to WHGC a duty of loyalty as a full time employee
18   of WHGC;

19   k. That at all relevant times herein through September 30, 2010,
20   Defendants owed to WHGC a fiduciary duty of care, loyalty, and
21   disclosure to WHGC;

22   l. That at all relevant times herein through September 30, 2010,
23   Defendants were required to disclose to WHGC all communications
24   with any clients with or without WHGC's direct request;

25   m. That at all relevant times herein through September 30, 2010,
26   Defendants were required to disclose to the terms of any and all fee
27   agreements with WHGC that Defendants entered, or proposed to enter
28   into, with any existing or prospective clients WHGC with or without

WHGC's direct request;

n. That at all relevant times herein through September 30, 2010, any attempt by Defendants to independently operate a law office that separately obtained clients and collected fees from such clients to the exclusion of WHGC far exceeded the scope of authority, if any, ever provided to Defendants to set up a London-based office on behalf of WHGC, and that such conduct was unlawful;

o. That WHGC UK is an asset owned by WHGC;

p. That WHGC is entitled to the return of all monies obtained by, or that are still owed to them in connection with any legal services provided using the WHGC name;

q. That Defendants must disgorge all monies obtained by, or that are still owed to them in connection with any legal services provided using the WHGC name;

r. That WHGC is immediately entitled to the return of all equipment including, without limitation, any equipment or resources of WHGC such as (without limitation) its computers, software, and cellular telephone;

s. That Defendants must return any and all equipment or resources of WHGC such as (without limitation) its computers, software, and cellular telephone; and

t. That any activities conducted by Defendants without WHGC's prior knowledge are not, nor were they ever covered by WHGC's legal malpractice insurance, and that therefore any liability should be borne by Defendants alone.

50.   A judicial determination is necessary and appropriate at this time under the circumstances in order that WHGC may conclusively ascertain whether Witten and WHGC UK are in direct breach of their legal duties and obligations

COMPLAINT

1   owed to WHGC, and to further ascertain WHGC's rights and remedies with
2   respect thereto;

3       51.     Without such relief, Defendants threaten to continue what WHGC
4   contends are unlawful activities which will cause, and have already cause, injury to
5   WHGC's business, name, reputation, and goodwill; moreover, WHGC requires
6   this determination to conclusively ascertain its responsibilities and duties, if any, to
7   Defendants under the circumstances described herein.

8       52.     WHGC further respectfully requests that the Court issue any
9   injunctive relief consistent with its declaratory orders herein.

10

11  WHEREFORE, WHGC, prays for judgment against the Defendants, and each of
12  them as follows:

13      1.      On all causes of action, for general, consequential and incidental
14              damages;

15      2.      On all cause of action, for attorneys' fees and costs as allowed by
16              contract, statute, or law; and

17      3.      On all causes of action, for such other and further relief as this Court
18              deems just and proper.

19      4.      On all of Causes Action, temporary, preliminary and/or permanent
20              orders enjoining Defendants from engaging in all activities
21              constituting infringement of WHGC's trademark, breaches of
22              Defendants' fiduciary duties and/or loyalty owed to WHGC, and
23              unfair business practices pursuant to Business and Professions Code
24              section 17200 et seq., and for a full disgorgement of any and all
25              monies obtained by Defendants in connection with such conduct; and
26              further that all equipment and other property of WHGC be returned to
27              WHGC forthwith;

28      5.      On the Fourth Cause of Action, a judicial determination of the rights

---

15

COMPLAINT

1 | and duties of the respective parties, a declaration of those rights and
2 | duties, and injunctive orders consistent therewith;
3 |
4 | Dated: October 4, 2010          WANG HARTMANN GIBBS & CAULEY, PLC
5 |
6 |                         By: _____
7 |                              Richard F. Cauley
8 |                              Attorneys for Plaintiff
9 |                              WANG HARTMANN GIBBS & CAULEY
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

COMPLAINT

1

<u>DEMAND FOR JURY TRIAL</u>

2       Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal

3 Rules of Civil Procedure.

4

5 Dated: October 4, 2010              WANG HARTMANN GIBBS & CAULEY, PLC

6

7                              By: _____

8                                  Richard F. Cauley
                                   Attorneys for Plaintiff
9                                  WANG HARTMANN GIBBS & CAULEY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# EXHIBIT A



# EXHIBIT B

EXHIBIT B



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| WANG HARTMANN GIBBS & CAULEY, PLC, a Corporation, | JASON BRIAN WITTEN, an individual; and WANG, HARTMANN, GIBBS & CAULEY LTD., a United Kingdom Private Limited Company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Wang, Hartmann, Gibbs & Cauley, PLC<br>1301 Dove Street, Suite 1050, Newport Beach, CA 92660<br>Telephone: (949) 833-8483 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
violation of Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

## SACV10-01499 JVS (MLGx)

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | England |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date October 4, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**SACV10- 1499 JVS  (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:

FOR OFFICE USE ONLY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANG HARTMANN GIBBS & CAULEY, PLC, a Corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>JASON BRIAN WITTEN, an individual; and WANG, HARTMANN, GIBBS & CAULEY LTD., a United Kingdom Private Limited Company<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**SACV10-01499 JVS (MLGx)**<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S): _____ FOR OFFICE USE ONLY _____

A lawsuit has been filed against you.

Within _2\_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Richard F. Cauley_____, whose address is _Wang, Hartmann, Gibbs & Cauley, 1301 Dove St., Ste 1050, Newport Beach, CA 92660_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __OCT - 5 2010__

By: ___ROLLS ROYCE PASCHAL___

Deputy Clerk

*(Seal of the Court)*

1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

FOR OFFICE USE ONLY

CV-01A (12/07)                                          SUMMONS