WITTEN LAW, LTD.
Jason B. Witten (SBN 220612)
Blackwell House
Guildhall Yard
London, England EC2V 5AE
Email: j.witten@wittenltd.com
Telephone: 011-44-203-287-9500

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| WANG, HARTMANN, GIBBS & CAULEY, PLC, a California Professional Law Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>JASON BRIAN WITTEN, an individual; and WANG, HARTMANN, GIBBS & CAULEY, LTD., a United Kingdom Private Limited Company,<br><br>        Defendants. | Case No. SACV10-1499-JVS (MLGX)<br>Assigned for All Purposes to:<br>Judge James V. Selna<br><br>**DEFENDANTS' WITTEN AND WANG, HARTMANN, GIBBS & CAULEY, LTD.'S NOTICE OF MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hearing:<br>Date:  January 24, 2011<br>Time:  1:30 pm<br>Dept. 10C |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that on January 24 at 1:30 pm in Department 10C of the above captioned Court located at 411 West 4th Street, Santa Ana, California 92701, Defendants Jason Witten and Wang, Hartmann, Gibbs & Cauley, Ltd. will respectfully move to dismiss the First Amended Complaint.

        This motion is made pursuant to Fed.R.Civ.P. 12(b)(6) for the entire First Amended Complaint, as well as Fed.R.Civ.P. 12(b)(1) for the 6th cause of action, and on the

concurrently filed: a) Points and Authorities, b) Declaration of Jason Witten, c) Exhibits, and d) accompanying proposed Order, as well as the pleadings on file with this Court, and any further evidence the Court may seek.

Respectfully Submitted,                           WITTEN LAW, LTD.


Dated: November 29, 2010                          ____/s/ Jason B. Witten_____

                                                  Jason B. Witten

                                                  Attorney for Defendants

/////

/////

/////

Defendants' Motion to Dismiss

# **Table of Contents**

**I. Brief Summary**……………………………………………………………… 1

*A. Facts*……………………………………………………………………… 1

*B. Grounds for Dismissal*…………………………………………………… 1

**II. Legal Standard**……………………………………………………………… 2

**III. Discussion**………………………………………………………………... 3

*A. Settlement Agreement*…………………………………………………. 3

*B. Fraud*………………………………………………………………………. 3

*C. Declaratory Relief*………………………………………………………… 4

*1. The Cause of Action Does NOT Accomplish the Purpose of Declaratory Relief*……… 5

*2. The Cause of Action Reveals WHGC CA Is Not Certain of the Mandatory Allegations Required in its Other Causes of Action in Violation of Rule 11(b)(3)*……………………… 8

*D. Trademark Infringement*………………………………………………… 11

*E. Unfair Business Practices*……………………………………………… 12

*F. Breach of Fiduciary Duty*………………………………………………… 13

*G. Alter-Ego*…………………………………………………………………… 14

*H. Rule 11 Motion*…………………………………………………………… 15

*I. Summary*……………………………………………………………………15

**IV. Compliance with L.R. 7-3 & Initial Order Following Filing of Complaint**……….16

**V. Conclusion**…………………………………………………………….. 17

/////

/////

/////

Defendants' Motion to Dismiss

# **Table of Authorities**

*Cases*

Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)…………………… 3

Bell Atlantic Corp. v. Twombly, 550 US 544, 127 S. Ct. 1955, 1964 (2007)…………3, 14

Bilbrey v. Brown, 738 F.2d 1462, 1470 (9th Cir. 1984)………………………………... 7

Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001)………………………… 4

Brunette v. Humane Society of Ventura County, et al.,

(C.D.Cal., Case No. CV-96-04557-DT)…………………………………………………. 7

Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996)…………………… 3

Conley v. Gibson, 355 US 41, 47 (1957)……………………………………………… 14

Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir.1997)………………………………… 4

Exxon Shipping Co v. Airport Depot Diner Inc., 120 F.3d 166, 168 (9th Cir. 1997)

Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992)…………………………… 3

In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1405 (9th Cir.1996)…………………… 4

McGraw-Edison Co. v. Preformed Line Products Co.,

362 F.2d 339, 342 (9th Cir. 1966)………………………………………………6, 7

Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008)………… 14

MGM Studios, Inc. v. Grokster, Ltd., 269 F.Supp. 2d 1213, 1266 (C.D. Cal. 2003)…….. 7

Natural Resources Defense Council, Inc. v. United States EPA, et al.,

966 F.2d 1292, 1299 (9th Cir. 1992)……………………………………………… 7

Neubronner v. Milken, 6 F.3d 666, 671 (9th Cir.1993)……………………………... 4

Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007)……………………………3

Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir.1985)……………………………… 4

South Bay Chevrolet v. General Motors Acceptance Corp.,

72 Cal.App.4th 861, 85 Cal.Rptr.2d 301, 316 (1999)…………………………….. 12

Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)……………… 8

Ticketmaster, LLC v. RMG Technologies, Inc.,

(C.D. Cal., Case No. CV07-2534-ABC (JCx))………………………………………… 7

Defendants' Motion to Dismiss

United States v. Jones, 176 F.2d 278, 280 (9th Cir. 1949)…………………………….. 7

United States v. State of Washington, 759 F.2d 1353, 1357 (9th Cir.1985)……………..6-7

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097 (9th Cir.2003)………..………….4, 12, 14

Village Square Condominium of Orlando, Inc. v. Nationwide Mutual Fire Insurance Co. (M.D. Fl. 09-cv-1711-Orl)…………………………………………………………… 8

Wilton v. Seven Falls Co., 515 U.S. 277 (1995)………………………………………… 5

*Statutes*

Cal. Bus. & Prof.Code §  17200…………………………………………………….. 12

Fed.R.Civ.P. 8(a)………………………………………………………………11, 14

Fed.R.Civ.P. 9(b)……………………………………………………………………1, 3

Fed.R.Civ.P. 11 …………………………………………………………………… 5, 15

Fed.R.Civ.P. 12(b)(1)………………………………………………………………6, 16

Fed.R.Civ.P. 12(b)(6)………………………………………………………………2, 16

Local Rule 7-3……………………………………………………………………. 16

*Secondary Authorities*

5A Wright & Miller, *Fed. Prac. & Proc.* §1363 at 464-65 (2d ed. 1990)……………….. 8

Defendants' Motion to Dismiss

## MEMORANDUM OF POINTS & AUTHORITIES

### I. Brief Summary

*A. Facts*

Defendants Jason Witten ("Witten") and Wang, Hartmann, Gibbs & Cauley, Ltd. ("WHGC UK") file this Motion to Dismiss Wang, Hartmann, Gibbs & Cauley, PLC's (WHGC CA) First Amended Complaint. A true and correct copy of the First Amended Complaint is attached hereto as Exhibit A.

The entire First Amended Complaint rests on a single client retaining WHGC UK after a bad experience with WHGC CA. The entire matter consisted of about £3,000. All of the causes of action in the First Amended Complaint are trumped up from this single event. A thoughtful reading of the First Amended Complaint reveals Jeffrey Wang ("Wang") of WHGC CA used this event as an excuse to wrongfully breach his agreement with Witten concerning Witten's ownership and operation WHGC UK. The First Amended Complaint is nothing more than an amateurish cover-up for Wang's/WHGC CA's breach of said agreement, and to concoct leverage to dissuade Witten from asserting his own claims for breach of contract, fraud and unfair competition against WHGC CA and Wang. It is this deep rooted flaw that prevents WHGC CA from pleading any causes of action correctly. As such, the First Amended Complaint should be dismissed.

*B. Grounds for Dismissal*

The third cause of action for fraud is not plead with specificity as required by Rule 9(b). Further, the alleged breach of the confidentiality section of the employment agreement cannot be fraud in that the contract is a decade old, and this alleged breach was recent.

The sixth cause of action for declaratory relief is deeply flawed. First, it cannot act as a substitute for the correct cause of action. Second, it cannot be duplicative of another cause of action. Third, Plaintiff has plead that it does not know if the issues it seeks a declaration on are true or not, but these are the very allegations upon which the rest of the First Amended Complaint relies. This contradiction does not make any sense. Fourth, there

is no case or controversy.  Defendants have not threatened to sue Plaintiff.  In fact, it is Defendants' contention that they have settled this case.

The second and fifth causes of action for breach of fiduciary duty and unfair competition, respectively, have no supporting allegations, but may rely on the same missing allegations for the cause of action for fraud.  They therefore must be plead with the specificity of fraud, or at the very minimum cross-reference where that specificity exists.

All of the allegations in the First Amended Complaint for the first through the fifth causes of action contradict the cause of action for declaratory relief.  In that cause of action Plaintiff claims to not know if these allegations are true, such that it needs a judicial determination on them to ascertain the facts and their legal rights and duties arising from them.  However, Plaintiff needs knowledge of these allegations in accordance with Rule 11 in order to make them in support of the first through fifth causes of action, if in fact these causes of action rely on these allegations, which, although it is unclear, they may.

The first cause of action for trademark infringement fails in that it contradicts other paragraphs of the First Amended Complaint.  Specifically, Plaintiff pleads that Defendants were licensed to use the marks, and Plaintiff fails to plead that there were any parameters on the license of those marks from which Defendants deviated.  Further, Plaintiff does not have any damages from the use of the marks.

The First Amended Complaint alleges a formulaic recitation of the elements of alter ego law, which is insufficient under the pleading standard articulated in Rule 8 of the Federal Rules of Civil Procedure.

Finally, the parties have settled this case, which is an independent basis upon which to seek dismissal.

## II.  Legal Standard

Fed.R.Civ.P. 12(b)(6) states in relevant part, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion…(6) failure to state a claim upon which relief can be granted;"

1    "Dismissal can be based on the lack of a cognizable legal theory or the absence of

2    sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't,

3    901 F.2d 696, 699 (9th Cir. 1988). The pleading must contain "enough facts to state a claim

4    to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

5    "All allegations of material fact are taken as true and construed in the light most

6    favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th

7    Cir. 1996). The Court is not obligated to accept every conclusory allegation as true; rather, it

8    "will examine whether conclusory allegations follow from the description of facts as

9    alleged." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted).

10    When a complaint contains allegations of fraud, Rule 9(b) requires that the

11    circumstances be stated with particularity. Fed. R. Civ. P. 9(b). Generally, this requires

12    plaintiff to state the time, place, and specific content of the representations and to identify

13    the parties. Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007).

14

15    **III.  Discussion**

16

17    *A.  Settlement Agreement*

18    As set forth in the concurrently filed Motion to Enforce Settlement, which is

19    expressly incorporated herein, the parties conclusively entered a settlement agreement on

20    October 20, 2010.  Cauley and WHGC CA knew there was a settlement at the time they

21    filed the First Amended Complaint, and yet they still filed it knowing it was frivolous.

22    Thus, the First Amended Complaint should be dismissed with prejudice.

23

24    *B.  Fraud*

25    The third cause of action for fraud fails to plead the specificity required in

26    Fed.R.Civ.P. 9(b).  First Amended Complaint ¶¶51, 54.  In addition, in the fraud cause of

27    action there is an equally vague claim that Witten failed to keep WHGC CA's secrets.  First

28    Amended Complaint ¶¶53, 54.  It should therefore be dismissed.

A cause of action for fraud must state with particularity the circumstances constituting fraud.  Fed.R.Civ.P. 9(b).  Rule 9(b) demands that the circumstances constituting the alleged fraud "be 'specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong.'"  <u>Bly-Magee v. California</u>, 236 F.3d 1014, 1019 (9th Cir.2001) (quoting <u>Neubronner v. Milken</u>, 6 F.3d 666, 671 (9th Cir.1993)).  "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged."   <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1106 (9th Cir.2003) (quoting <u>Cooper v. Pickett</u>, 137 F.3d 616, 627 (9th Cir.1997)).

Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints "as a pretext for the discovery of unknown wrongs"; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to "prohibit plaintiff[s] from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis."   <u>In re Stac Elecs. Sec. Litig.</u>, 89 F.3d 1399, 1405 (9th Cir.1996) (quoting <u>Semegen v. Weidner</u>, 780 F.2d 727, 731 (9th Cir.1985)) (internal quotations omitted, brackets in original).

WHGC CA's cause of action for fraud completely fails in this regard.  The extremely vague and unintelligible allegations in paragraph 51 and 54 of the First Amended Complaint do not meet this minimum standard.

Further, as to the allegation in paragraph 53 regarding disclosure of WHGC CA's secrets, no specific or general secrets alleged to have been disclosed are plead anywhere in the First Amended Complaint, nor is it plead who they were disclosed to, or when they were allegedly disclosed.  It is impossible to ascertain what WHGC CA is pleading.

Nor is there any way that disclosure of any secrets in violation of an employment contract could be construed as fraud.  The First Amended Complaint admits at paragraph 12 that Witten was hired twelve (12) years ago.  Assuming *arguendo* that a secret was disclosed (and none was), it logically was recently.  That would not be fraud though,

because the employment contract was adhered to for twelve (12) years.  Rather, that would just be breach of contract.  WHGC CA cannot spin an allegation of *de jure* breach of contract into fraud.

As such, Witten and WHGC UK cannot ascertain what misrepresentations are alleged to have occurred in the First Amended Complaint, the cause of action does not comply with the required level of specificity for a fraud cause of action, and under no legal theory could a violation of the employment contract be construed as fraud.

The cause of action for fraud should therefore be dismissed.

## C.  Declaratory Relief

The sixth cause of action for declaratory relief is impermissibly duplicative of the other causes of action.  It attempts to be a pleading safety net for WHGC CA's failure to plead the correct causes of action that would give rise to the remedies sought in the declaratory relief action.  However, a cause of action for declaratory relief is not intended to be an end-run around correctly pleading the correct causes of action.

Further, the cause of action for declaratory relief underscores WHGC CA's failure to plead other causes of action correctly.  Specifically, the declarations sought from the Court are the facts necessary to prove the other causes of action.  If WHGC CA is so unsure of their legal rights and duties such that it needs a judicial determination of these facts, then WHGC CA does not have the requisite level of certainty required about the facts to plead these other causes of action upon which they rely.  Fed.R.Civ.P. 11(b)(3).

### 1.  The Cause of Action Does NOT Accomplish the Purpose of Declaratory Relief

Declaratory judgments are considered a type of preventive justice because, by informing parties of their rights, they help them to avoid violating specific laws or the terms of a contract.  Since its inception, the act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277 (1995).  In other words, in passing the act, "Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." Id. at

288, 115 S.Ct. 2137.  Declaratory relief is only used when there is not a more specific and appropriate cause of action to capture the relief sought.  For example, when an insurance company seeks a declaration of its rights <u>before</u> deciding whether to sue someone.

That is not the case here.  In the case at bench, WHGC CA is not using declaratory relief as preventative justice.  Rather, they are pleading it at the same time they are pleading the causes of action that would arise <u>after</u> the Court's declaration.

Specifically, paragraph 73(a-f) of the First Amended Complaint are the facts needed for trademark infringement, and paragraph 73(g-o, r &s) are the facts required for breach of fiduciary duty, conversion, fraud and unfair competition.

WHGC CA's long and rambling cause of action for declaratory relief seeks two (2) pages of specific judicial determinations.  Foremost, it is unclear how there is a current controversy that would give rise to this cause of action instead of the proper, more specific cause of action for the relief it seeks, such as fraud, conversion, unfair competition, trademark infringement and breach of fiduciary duty.  Indeed, it is duplicative of these causes of action (were they plead correctly), and is therefore improper.

Related, WHGC CA has failed to plead that Witten or WHGC UK has threatened WHGC CA, or anyone else for that matter, with any claim whatsoever.  In fact, the opposite is true in that the parties have entered a settlement agreement.  Thus there is no case or controversy under and Plaintiff lacks standing to bring this cause of action under Fed.R.Civ.P. 12(b)(1).

What WHGC CA has done is unsuccessfully attempt to plead the appropriate remedies at law with its causes of action for trademark infringement, breach of fiduciary duty, fraud, conversion and unfair business practices.  WHGC CA's problem is that there are no facts to support them.  So WHGC CA boot-straps its frivolous complaint with this cause of action for declaratory relief.

The Ninth Circuit has longstanding and unambiguous criteria to determine when declaratory relief is appropriate, or where as here, inappropriate.  <u>McGraw-Edison Co. v. Preformed Line Products Co</u>., 362 F.2d 339, 342 (9th Cir. 1966); <u>United States v. State of</u>

Washington, 759 F.2d 1353, 1357 (9th Cir.1985); Natural Resources Defense Council, Inc. v. United States EPA, et al., 966 F.2d 1292, 1299 (9th Cir. 1992).  The first principal criteria is whether the judgment will satisfy a useful purpose in clarifying and settling the legal relations in issue.  McGraw-Edison Co. v. Preformed Line Products Co., F.2d at 342.  The second is whether it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the proceeding.  Id.  It follows that when neither of these results can be accomplished, the court should decline to render the declaration prayed.  Id.

As the 9th Circuit held in Exxon Shipping Co v. Airport Depot Diner Inc., 120 F.3d 166, 168 (9th Cir. 1997), "It should go without saying that a declaratory judgment action must serve some purpose in resolving a dispute.   If the relief serves no purpose, or an illegitimate one, then the district court should not grant it."  And it is an accepted principle that no declaration should be made, unless it serve a useful, practical purpose, or when no beneficial result would follow.  United States v. Jones, 176 F.2d 278, 280 (9th Cir. 1949).

WHGC CA cannot avoid its duty to plead specific, correct causes of action by using a cause of action for declaratory relief as a backstop, or a safety net.  The cause of action for declaratory relief, is at best, duplicative of the other causes of action in violation.  Where an appropriate pleading has already been asserted, and the court will reach all aspects of that issue if necessary, separately litigating the same issue in a declaratory relief posture will not serve the purposes of declaratory relief.  MGM Studios, Inc. v. Grokster, Ltd., 269 F.Supp. 2d 1213, 1266 (C.D. Cal. 2003); Bilbrey v. Brown, 738 F.2d 1462, 1470 (9th Cir. 1984).

Although not binding, it is informative to note that the Court in Brunette v. Humane Society of Ventura County, et al., (C.D.Cal., Case No. CV-96-04557-DT), dismissed plaintiff's cause of action for declaratory relief where it served no purpose beyond the remedies sought in plaintiff's remedies at law, which the 9th Circuit Court of Appeals affirmed in an unpublished opinion.  See also, pages 14-15 of the Order of the Court on Plaintiff's Motion to Dismiss the Counterclaims of the Defendant in Ticketmaster, LLC v. RMG Technologies, Inc. (C.D. Cal., Case No. CV07-2534-ABC (JCx)) (dismissing claim for declaratory relief where duplicative of an affirmative defense for copyright misuse).

Defendants' Motion to Dismiss

Further, again, not binding, but informative, in <u>Village Square Condominium of Orlando, Inc. v. Nationwide Mutual Fire Insurance Co.</u> (09-cv-1711-Orl), Middle District of Florida Judge Gregory Presnell granted a motion to dismiss a claim for declaratory relief because it was duplicative of other causes of action.

The Cause of Action for Declaratory Relief must therefore be dismissed because it does not accomplish the purpose of declaratory relief.

    *2. The Cause of Action Reveals WHGC CA Is Not Certain of the Mandatory Allegations Required in its Other Causes of Action in Violation of Rule 11(b)(3)*

Secondly, the fact that WHGC CA does not know whether certain facts exist to support its causes of action in the First Amended Complaint, such that they need a judicial determination to ascertain their rights and obligations, directly contradicts those causes of action that are affected by these facts, such that they must be dismissed.

While a party can plead alternate theories of law, it cannot plead contradictory facts. A court will not accept as true allegations that are contradicted by facts incorporated in the pleading.  5A Wright & Miller, *Fed. Prac. & Proc.* §1363 at 464-65 (2d ed. 1990); <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

In paragraph 74 of the First Amended Complaint, WHGC CA states that it seeks this declaratory relief in order to assess whether WHGC UK and Witten have breached legal duties and obligations.  In doing so, it admits that it does not know if these allegations are true, or whether it has any legal basis to bring them.  However, these underlying alleged breaches of legal duties and obligations are the factual bases for the other causes of action. If WHGC CA is concerned these allegations are not true, then it cannot plead causes of action that rely on these allegations.

All of the allegations WHGC CA seeks a judicial determination on are required to support all of its other causes of action.  In stating that it is unsure of its allegations in this cause of action for declaratory relief, such that it needs a judicial determination to ascertain these rights and obligations, WHGC CA has admitted that it is not sure of the allegations in any of its causes of action.

For example, how can WHGC CA state that it needs the Court to ascertain whether Witten owed WHGC CA a fiduciary duty (para. 73(j&k) & 74), and at the same time make a claim for breach of fiduciary duty (para. 42)?  At paragraph 42 WHGC CA has to allege, under the requirements of Rule 11(b)(3), that Witten owed a fiduciary duty in its cause of action for breach of fiduciary duty.  However, here WHGC CA pleads at paragraphs 73(j&k) and 74 that it does not know if Witten owed a fiduciary duty (that is why it needs a judicial determination).  This pleading flatly contradicts paragraph 42 where it pleads that it knows Witten owed this duty.

This same contradiction applies to all of the causes of action as follows:

- WHGC CA's claiming not to know if paragraphs 73(a-f) related to trademark are true and whether WHGC CA has legal rights stemming from them.  If these are the supporting facts missing from the trademark cause of action, as discussed below, they need to be plead in this cause of action to cure its ambiguity.  However, for this cause of action, paragraph 73(a-f) directly contradicts paragraphs 30-38.  If WHGC CA does not know if it has a trademark, and does not know if Witten infringed it, such that it needs a judicial determination to ascertain its rights and duties, then it cannot plead in contradiction that Witten has infringed a trademark in paragraphs 30-38.

- Another example is the preposterous declaration that Witten was not supposed to use computers, emails and cell-phones, etc. or to engage or communicate with any clients in conjunction with WHGC UK – the very business WHGC CA admits at paragraphs 14 and 15 Witten was authorized to run. 73(g-o, r & s).  In fact, paragraph 73(r&s) show the Court that WHGC CA permitted Witten to take the equipment to the UK to run WHGC UK that it now wants returned.  If WHGC CA does not know whether Witten was entitled to use them and whether or not he has to return them, or whether or not WHGC UK was permitted to represent existing WHGC CA clients, such that it needs a judicial determination to ascertain its rights and duties (and *if*

9

these are the facts missing from the vague pleadings for breach of fiduciary duty, unfair competition and fraud) then this <u>lack</u> of knowledge in paragraphs 73 and 74, directly contradicts the facts to support its causes of action for breach of fiduciary duty, fraud, conversion, and unfair competition.

This is not a game.  These are terrible, unfounded accusations Plaintiff is making.  These are facts WHGC CA has to plead as being true in order to support these causes of action.  It cannot plead with the level of assertion required by Rule 11(b)(3) they are true and then plead in paragraphs 73 and 74 that it does not know if they are true.

Then some of the relief sought is just simply unintelligible, such as:

- The preposterous claim that WHGC UK is an asset of WHGC CA and that therefore money should be disgorged without pleading any basis of fact or law to support such a ridiculous claim. Paragraph 73(o-q).  That's a cause of action with a remedy that WHGC CA has completely failed to plead.

- That WHGC CA is not liable for its employee Witten's unreported actions, or the unreported actions of the third party WHGC UK.  Further, that WHGC CA's malpractice insurance would not extend to such a claim.  Paragraph 73(t).  This is a controversy that can only be created by a client making such a claim.  There is nothing plead that would support this.  Moreover, there is an utter lack of law or fact to support this relief.

WHGC CA's problems with contradictory paragraphs underscore why the cause of action for declaratory relief should be dismissed from the First Amended Complaint with prejudice.  Specifically, declaratory relief is to be used as preventative justice when facts are unknown – not coupled with the causes of action that would later arise from the Court's declaration.  It is this unknowing of facts in declaratory relief that are at odds with, and contradict, the knowledge required in the pleading of the duplicative causes of action that undermine the entire First Amended Complaint.

Declaratory relief is not a fishing expedition to understand one's legal rights and obligations while at the same time pleading duplicative causes of action.  It is not a safe

harbor from WHGC CA's failure to plead a cognizable cause of action pursuant to Fed.R.Civ.P. 8(a).  If WHGC CA has an actual, ripe claim, it must make it using the appropriate cause of action.  It cannot misuse a cause of action for declaratory relief simply because it cannot identify and plead the proper cause of action.  It should therefore be dismissed with prejudice.

## D.  First Cause of Action for Trademark Infringement

As set forth in paragraphs 14 and 15of the First Amended Complaint, Witten and WHGC UK had a license to use certain marks belonging to WHGC CA ("the WHGC marks") and to open WHGC UK.  Thus, WHGC UK had express authorization to use WHGC marks on engagement agreements, emails and bank accounts.  Further, WHGC CA admits at paragraph 16 that WHGC UK was only "affiliated" with WHGC CA, such that it was independent of WHGC CA.  There were admittedly no parameters for Witten's use of the WHGC marks.

Thus, assuming *arguendo* that Witten or WHGC UK used the marks in a way that WHGC CA found objectionable (after the fact) then the issue is not that Witten infringed the marks, but rather performed the license agreement in a manner WHGC CA objected to.  Of course, WHGC CA does not plead this because it is virtually impossible to plead facts that Witten strayed from the terms of license agreement that had no boundaries beyond common sense.

Similarly, WHGC CA fails to plead what the terms of the license to Witten were, and thus, fails to plead how Witten's alleged actions constitute a misuse of the marks that rise to the level of infringement.

Further, there are no cognizable damages flowing from the alleged infringement, and certainly no effort has been made to allege any.

Moreover, WHGC CA admits in paragraphs 73(a-f) and 74 that it is unsure of any of the facts required to state a claim for trademark infringement, expressly contradicting this cause of action.

The vague pleadings indicate that Witten did not violate or infringe any trademark rights.  Further, that WHGC CA did not suffer any damages.  Indeed, it appears that WHGC CA has included this cause of action for the sole purpose of retaining Federal jurisdiction over this matter.  The only dollar amount of £2,414 referenced in the First Amended Complaint clearly would not be enough for Federal jurisdiction even under the most imaginative pleading.

Accordingly, the first cause of action should be dismissed.

*E.  The Fifth Cause of Action for Unfair Business Practices*

Again, here it is unclear what factual basis unfair business practices is based on.  Typically such causes of action are premised on the same allegations as fraud. The UCL prohibits unfair competition, which it broadly defines as including "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof.Code § 17200.  Each prong of the UCL is a separate and distinct theory of liability; thus, the "unfair" practices prong offers an independent basis for relief.  <u>South Bay Chevrolet v. General Motors Acceptance Corp.</u>, 72 Cal.App.4th 861, 85 Cal.Rptr.2d 301, 316 (1999).

WHGC CA may be alleging a unified course of fraudulent conduct, namely that Witten and WHGC UK somehow defrauded WHGC CA and as such engaged in unfair business practices.   The court held in <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103-04 (9th Cir.2003), that if "the claim is said to be 'grounded in fraud' the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)."

If WHGC CA is alleging a unified fraudulent course of conduct, then its claim for unfair business practices against Witten and WHGC UK are grounded in fraud and must be pleaded with particularity.   WHGC CA has failed to do so.   Thus, the cause of action for unfair business practices should be dismissed.

Moreover, if in fact this cause of action is based on the allegations WHGC CA seeks a judicial declaration on in paragraph 73(g-o, r & s), then it admitted in paragraphs 74 and 75 that it is does not know if these allegations are true or not.  As such, any cause of

action based on these allegations would be contradicted by the pleadings in 73(g-o, r & s) and should be dismissed.

### F.  Breach of Fiduciary Duty

The First Amended Complaint contains conclusory statements trying to attach a fiduciary duty reserved primarily for law firm partners.  The reason they have to do this is because, despite numerous representations to the contrary, Wang never actually made Witten a partner.  First Amended Complaint ¶12, 40-42.  Had Wang made Witten a partner, these conclusory statements would not be necessary. WHGC CA cannot have it both ways. Wang failed to make Witten a partner despite Wang's numerous misrepresentations to the contrary and therefore no fiduciary duty exists.

Even if there were a fiduciary duty owed, Witten did not undertake any wrongful activity in breach of it.  As best as can be gleaned from the vague First Amended Complaint, the factual basis for the claim for breach of fiduciary duty is set forth in paragraph 44, which states:

> "Witten breached his fiduciary duty to WHGC by negligently, deliberately, intentionally and/or recklessly disregarding the rights of WHGC and failing to perform his obligations to WHGC, and using WHGC's trademarked name and logo to appropriate WHGC's existing clients and to market Witten's legal services to other clients in direct competition with WHGC."

What "obligations" are being referred to?  Further, how is using the trademarked name and logo to appropriate WHGC's existing clients a breach of fiduciary duty?  The First Amended Complaint states without exception that Witten was entitled to use the marks and run a separate business.  Finally, what allegations are made to support "direct competition with WHGC"?  None.

Paragraphs 20-24 in the First Amended Complaint contain a few paragraphs about what WHGC CA thinks may have been wrongful, but they are not cited or cross-referenced in this cause of action.  Witten and WHGC UK are not required to guess at what acts WHGC CA are claiming are in breach of a fiduciary duty.  These are serious allegations,

and a minimum of a notice pleading under Fed.R.Civ.P. 8(a) as to what WHGC CA claims are the facts supporting the cause of action are required.

Further, as noted above in the section on unfair competition, to the extent they rely on the allegation of fraud, they must be plead with specificity.  Vess v. Ciba-Geigy Corp. USA, supra., at 1103-04 (9th Cir.2003).

Moreover, if in fact this cause of action is based on the allegations in paragraphs 20-24, then in paragraph 73(g-o, r & s) WHGC CA seeks a judicial declaration on these very allegations and has admitted that it is does not know if these allegations are true or not.  As such, any cause of action based on these allegations would be contradicted by paragraph 73(g-o, r & s) and should be dismissed.

The vague pleading as it stands now does not suffice and should be dismissed.

## G.  Alter-Ego

While the Federal Rules adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair notice of what the…claim is and the grounds upon which it rests.  Bell Atlantic Corp. v. Twombly, 550 US 544, 127 S. Ct. 1955, 1964 (2007) (citing Conley v. Gibson, 355 US 41, 47 (1957).  "…[P]laintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Bell Atlantic, supra., 127 S. Ct. at 1965.  "The Complaint need not contain detailed factual allegations, but it must provide more than 'a formulaic recitation of the elements of a cause of action.'" Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) (quoting Bell Atlantic, supra., 127 S. Ct. at 1965).

The First Amended Complaint alleges a formulaic recitation of the elements of alter ego law straight out of a forms book in a single paragraph at paragraph 5, which is insufficient under the pleading standard articulated in Rule 8 of the Federal Rules of Civil Procedure.  See Mendiondo, supra., 521 F.3d at 1104.  The First Amended Complaint fails to allege any facts to support WHGC CA's conclusory allegation that Witten may be an alter

---

14

ego of WHGC UK.  Indeed, it contradictorily alleges facts that Witten was not the alter ego of WHGC UK.  Specifically, that WHGC UK was incorporated as a limited private company and that it had separate banking.  Paragraphs 23 and 24.  Further, that WHGC CA authorized Witten to start WHGC UK.  Paragraphs 14 and 15. Viewing the allegations in the light most favorable to WHGC CA, the First Amended Complaint fails to state a claim for alter ego liability.  Thus, the motion to dismiss the alter ego claim should be granted

*H.  Rule 11 Motion*

Witten and WHGC UK have filed concurrently herewith a Motion for Sanctions pursuant to Fed.R.Civ.P. 11 (the "Rule 11 Motion").  To the extent it is applicable to this Motion, it is expressly incorporated herein.  The Rule 11 Motion seeks dismissal of the First Amended Complaint with prejudice, and therefore, that is requested herein.

*I.  Summary*

WHGC CA's First Amended Complaint is incomprehensibly plead, such that a careful reading reveals that it is not just frivolous, but wrongfully intended to restrain Witten's ability to compete.  WHGC CA's Jeffrey Wang ("Wang") is telling clients that he has sued Witten in an attempt to dissuade them from choosing Witten's services.  It seems Wang never wanted WHGC UK to become successful, such that Witten would no longer be the prolific fee earner he had been for WHGC CA over the dozen years he worked for WHGC CA.

Thus, Wang concocted a scheme to cause WHGC CA to breach its agreement with Witten based entirely on £2,414 in fees from a WHGC UK client that did not like WHGC CA.  Wang then became paranoid about Witten's ability to now compete against WHGC CA and filed the frivolous First Amended Complaint, attempting to permissibly slander Witten under the litigation privilege.

However, the First Amended Complaint is a complete contrivance, wholly unsupported by fact, and intended to thwart competition.  It is the definition of a frivolous pleading, and a pleading filed for improper purposes.  Fed.R.Civ.P 11(b).  It is this deep rooted flaw that makes it vague and ambiguous.

Moreover, the parties have settled this lawsuit, and WHGC CA's maintenance of the First Amended Complaint is indefensible.

Thus, pursuant to Fed.R.Civ.P 12(b)(6), and 12(b)(1) where applicable to the 6th cause of action, WHGC CA's frivolous suit should be dismissed with prejudice.

## IV.  Compliance with L.R. 7-3 & Initial Order Following Filing of Complaint

Defendants have met and conferred with Plaintiff in compliance with Local Rule 7-3.  They have further met and conferred with Plaintiff and brought this motion in conformance with §§J & K of the Initial Order Following Filing of Complaint Assigned to Judge Selna.  Declaration of Jason Witten filed herewith.

## V.  Conclusion

Wherefore the premises considered, Defendants Witten and Wang, Hartmann, Gibbs & Cauley, Ltd. respectfully request this Court Grant this Motion, and dismiss the First Amended Complaint with prejudice.

Respectfully Submitted,                          WITTEN LAW, LTD.


Dated: November 29, 2010                    _/s/ Jason B. Witten_____
                                            Jason B. Witten
                                            Attorney for Defendants

Defendants' Motion to Dismiss

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per F.R.Civ.P. 5 on November 29, 2010.


       ___ /s/ Jason B. Witten ___
       Jason B. Witten

Defendants' Motion to Dismiss