WITTEN LAW, LTD.
Jason B. Witten (SBN 220612)
Blackwell House
Guildhall Yard
London, England EC2V 5AE
Email: j.witten@wittenltd.com
Telephone: 011-44-203-287-9500

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| WANG, HARTMANN, GIBBS & CAULEY, PLC, a California Professional Law Corporation,<br><br>Plaintiff,<br><br>v.<br><br>JASON BRIAN WITTEN, an individual; and WANG, HARTMANN, GIBBS & CAULEY, LTD., a United Kingdom Private Limited Company,<br><br>Defendants. | Case No. SACV10-1499-JVS (MLGX)<br>Assigned for All Purposes to:<br>Judge James V. Selna<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' WITTEN AND WANG, HARTMANN, GIBBS & CAULEY, LTD.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br><br>Hearing:<br>Date:  January 24, 2011<br>Time:  1:30 pm<br>Dept. 10C |

Now before the Court is a motion to dismiss the First Amended Complaint filed by Defendants Jason Witten ("Witten") and Wang, Hartmann, Gibbs & Cauley, Ltd. ("UK Office") against Plaintiff Wang, Hartmann, Gibbs & Cauley, PLC (WHGC CA).

The Court, having considered the Motion and being otherwise fully advised in the premises, hereby finds that good cause exists for the requested relief and hereby orders that the Motion is GRANTED.

The Court finds and concludes as follows:

## I. Legal Standard

Fed.R.Civ.P. 12(b)(6) states in relevant part, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion…(6) failure to state a claim upon which relief can be granted;"

"Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). The pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 338 (9th Cir. 1996). The Court is not obligated to accept every conclusory allegation as true; rather, it "will examine whether conclusory allegations follow from the description of facts as alleged." Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992) (citation omitted).

When a complaint contains allegations of fraud, Rule 9(b) requires that the circumstances be stated with particularity. Fed. R. Civ. P. 9(b). Generally, this requires plaintiff to state the time, place, and specific content of the representations and to identify the parties. Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007).

## II. Discussion

The third cause of action for fraud is not plead with specificity as required by Rule 9(b). Further, the alleged breach of the confidentiality section of the employment agreement cannot be fraud in that the contract is a decade old, and this alleged breach was recent.

The sixth cause of action for declaratory relief is deeply flawed. First, it cannot act as a substitute for the correct cause of action. Second, it cannot be duplicative of another cause of action. Third, Plaintiff has plead that it does not know if the issues it seeks a declaration on are true or not, but these are the very allegations upon which the rest of the First Amended Complaint relies. This contradiction does not make any sense. Fourth, there

is no case or controversy.  Witten and WHGC UK have not threatened to sue Plaintiff.  In fact, it is Defendants contention that they have settled this case.

The second and fifth causes of action for breach of fiduciary duty and unfair competition, respectively, have no supporting allegations, but may rely on the same missing allegations for the cause of action for fraud.  They therefore must be plead with the specificity of fraud, or at the very minimum cross-reference where that specificity exists. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir.2003).

All of the allegations in the First Amended Complaint for the first through the fifth causes of action contradict the cause of action for declaratory relief.  In that cause of action Plaintiff claims to not know if these allegations are true, such that it needs a judicial determination on them to ascertain the facts and their legal rights and duties arising from them.  However, Plaintiff needs knowledge of these allegations in accordance with Rule 11 in order to make them in support of the first through fifth causes of action, if in fact these causes of action rely on these allegations, which, although it is unclear, they may.

The first cause of action for trademark infringement fails in that it contradicts other paragraphs of the First Amended Complaint.  Specifically, Plaintiff pleads that Defendants were licensed to use the marks (para. 14 & 15), and Plaintiff fails to plead that there were any parameters on the license of those marks from which Defendants deviated.  Further, Plaintiff does not plead the basis for any damages from the use of the marks.

The First Amended Complaint alleges a formulaic recitation of the elements of alter ego law, which is insufficient under the pleading standard articulated in Rule 8 of the Federal Rules of Civil Procedure.  Bell Atlantic Corp. v. Twombly, 550 US 544, 127 S. Ct. 1955, 1964 (2007); Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

Finally, the parties have settled this case, which is an independent basis upon which to grant dismissal.

_____
_____

3
[Proposed] Order on Defendants' Motion to Dismiss the First Amended Complaint

_____

THEREFORE IT IS ORDERED THAT:

The following causes of action are dismissed with prejudice:

_____

_____

_____

The following causes of action are dismissed without prejudice:

_____

_____

_____

_____

_____

Plaintiff has until _____, 2011 to file a Second Amended Complaint, if any.

      IT IS SO ORDERED.

DATED: _____          _____
                                              Honorable James V. Selna

CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per F.R.Civ.P. 5 on November 29, 2010.

   /s/ Jason B. Witten
Jason B. Witten

[Proposed] Order on Defendants' Motion to Dismiss the First Amended Complaint