1  **WANG HARTMANN GIBBS & CAULEY, PC**
Richard F. Cauley (SBN: 109194)
2  RichardCauley@whgclaw.com
John D. van Loben Sels (SBN: 201354)
3  jvanlobensels@whgclaw.com
1301 Dove Street, Suite 1050
4  Newport Beach, California 92660
Telephone:  (949) 833-8483
5  Facsimile:  (949) 833-2281

6  Attorneys for Plaintiff
WANG HARTMANN GIBBS & CAULEY, PLC
7

8                **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

10

11  WANG HARTMANN GIBBS &          Case No.:  SACV10-1499-JVS (MLGX)
CAULEY, PLC, a  Corporation,      Assigned for All Purposes to:
12                                 Honorable James V. Selna
        Plaintiff,
13

14  vs.                            **PLAINTIFF WANG, HARTMANN,
                                   GIBBS & CAULEY, PLC'S
15  JASON BRIAN WITTEN, an         OPPOSITION TO DEFENDANTS'
                                   MOTION TO DISMISS THE FIRST
16  individual; and WANG,          AMENDED COMPLAINT**
HARTMANN, GIBBS & CAULEY
17  LTD., a United Kingdom Private
Limited Company.                   Hearing
18                                 Date: January 24, 2011
                                   Time: 1:30 p.m.
19                                 Dept. 10C

20          Defendants.

21

22

23

24

25

26

27

28

                                i
─────────────────────────────────────────────────────
PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

PAGE

I.   INTRODUCTION ..................................................................................... 1

II   LEGAL ARGUMENT ............................................................................. 1

   A.   The Legal Standard For This Motion. .................................................. 1

   B.   Defendants' Affirmative Defense Concerning An Alleged
        Settlement Agreement Is Not Grounds For Dismissing The FAC ....... 2

   C.   The First Cause Of Action For Trademark Infringement Is
        Properly Pled ...................................................................................... 3

   D.   The Second Cause Of Action For Breach Of Fiduciary Duty Is
        Properly Pled. ..................................................................................... 4

   E.   The Third Cause Of Action For Fraud Is Properly Pled ..................... 5

        1.   Defendants Admit Sufficient Notice To Enable An
             Adequate Answer .......................................................................... 6

        2.   The FAC Specifically Pleads Defendants' Fraud ...................... 7

        3.   To the Extent Allegations of Fraud are Incorporated
             Into Other Claims, The FAC Is Sufficiently Pled ................... 10

   F.   The Fifth Cause Of Action For Unfair Business Practices Is
        Sufficiently Pled. .............................................................................. 11

   G.   Plaintiff's Sixth Claim For Declaratory Relief Is Properly Pled. ...... 12

        1.   The FAC Properly Pleads a Declaratory Relief Claim ........... 12

   H.   The FAC's Alter Ego Allegations Are Sufficiently Pled. .................. 14

III.  CONCLUSION ...................................................................................... 15

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1

<u>TABLE OF AUTHORITIES (IN ALPHABETICAL ORDER)</u>

2

<span style="float:right;"><u>PAGE</u></span>

3

<u>Cases</u>

4

5

*Alan Neuman Productions, Inc. v. Albright*,
    862 F.2d 1388 (9th Cir. 1988)........................................................6

6

7

*Balboa Insurance Company v. Trans Global Equities*
    218 Cal. App.3d 1327 (1990)........................................................5

8

9

*Barrous v. BP P.L.C.*,
    2010 WL 4024774 (N.D. Cal. 2010)..........................................13

10

11

*Bautista v. Los Angeles County*,
    216 F.3d 837 (9th Cir. 2000).........................................................1

12

13

*Bilbrey by Bilbrey v. Brown*,
    738 F.2d 1462 (C.A.Or. 1984) ...................................................12

14

15

*Branch v. Tunnell*,
    14 F.3d 449 (9th Cir. 1994)...........................................................2

16

17

*Cahill v. Liberty Mut. Ins. Co.*,
    80 F.3d 336 (9th Cir. 1996)...........................................................1

18

19

*Cel-Tech Communications, Inc. v. Los Angeles*,
    20 Cal. 4th 163 (1999)..................................................................11

20

21

*Cooper v. Pickett*,
    137 F.3d 616 (9th Cir. 1997).........................................................5

22

23

*Dep Corp. v. Opti-Ray, Inc.*,
    768 F. Supp. 710 (C.D. Cal. 1991)..............................................3

24

25

*Dion LLC v. Infotek Wireless, Inc.*,
    2007 WL 3231738 (N.D. Cal. 2007)..........................................14

26

27

28

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*Doe v. Abbott Labs.*,
   2004 WL 3639688 (N.D. Cal.)....................................................................12

*Franklin Fueling Systems, Inc. v. Veeder-Root Co.*,
   2009 WL 2462505 (E.D. Cal. 2009)...........................................................11

*GAB Business Services, Inc. v. Lindsey & Newsom Claim Services*,
   83 Cal. App. 4th 409 (2000).........................................................................4

*Galbraith v. County of Santa Clara*,
   307 F.3d 1119 (9th Cir. 2002).......................................................................2

*Gallagher v. San Diego Unified Port Dist.*,
   2009 WL 2781553 (S.D. Cal. 2009) ..............................................................2

*Garcia v. Coleman*,
   2008 WL 4166854 (N.D.Cal. 2008).............................................................11

*Genentech, Inc. v. Eli Lilly and Co.*,
   998 F.2d 931 (Fed. Cir. 1993) .....................................................................12

*Gilligan v. Jamco Development Corp.*,
   108 F.3d 246 (9th Cir. 1997).........................................................................2

*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*,
   896 F.2d 1542 (9th Cir.1990).........................................................................2

*Hayley v. Parker*,
   2002 WL 925322 (C.D. Cal. 2002).................................................................8

*In re Daisy Systems Corp.*,
   97 F.3d 1171 (9th Cir. (Cal.) 1996) ..............................................................4

*In Summit Entertainment, LLC v. Beckett Media, LLC*,
   2010 WL 147958 (C.D. Cal. 2010)................................................................3

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)..............................................................10, 11

iv

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

*Kinkade v. Trojan Express, LLC,*
    2009 WL 799390 (C.D. Cal. 2009)..................................................................9

*LaMonte v. Sanwa Bank California*
    (1996) 45 Cal.App.4th 509..........................................................................4

*Makua v. Gates,*
    2009 WL 3923327 (D.Hawai'I 2009) ............................................................3

*Marcelos v. Dominguez,*
    2008 WL 2788173 (N.D. Cal. 2008)............................................................11

*Marolda v. Symantec Corp.,*
    672 F. Supp. 2d  992 (N.D.Cal. 2009) .......................................................10

*Matlink, Inc. v. Matlink, Inc.,*
    2006 U.S. Dist. LEXIS 83508 (S.D. Cal. 2006) ..........................................14

*Medical Instrument Development Laboratories v. Alcon Laboratories,*
    2005 WL 1926673 (N.D. Cal. 2005)..............................................................6

*Miller v. Yokohama Tire Corp.,*
    358 F.3d 616 (9th Cir. 2004).........................................................................5

*National Union Fire Ins. Co. of Pittsburgh, P.A. v. NVIDIA Corp.,*
    2009 WL 256671 (N.D. Cal. 2009) .............................................................12

*Neubroner v. Milken,*
    6 F.3d 666 (9th Cir. 1993).........................................................................6, 7

*Newson v. Countrywide Home Loans, Inc.,*
    2010 WL 4939795 (N.D. Cal. 2010)..............................................................6

*Oates v. City of Lincoln*
    (2001) 93 Cal.App.4th 25.............................................................................4

*Parks School of Business, Inc. v. Symington,*
    51 F.3d 1480 (9th Cir. 1995).........................................................................2

v

*People of California v. Kinder Morgan Energy Partners, L.P.*,
     569 F.Supp.2d 1073 (S.D. Cal. 2008) ..........................................................13

*Ranch Realty, Inc. v. DC Ranch Realty, LLC*,
     614 F.Supp.2d 983 (D.Ariz., 2007).................................................................2

*Reeves v. Hanlon*,
     33 Cal.4th 1140 (2004).....................................................................................4

*Scheuer v. Rhodes*,
     416 U.S. 232 (1974) ..........................................................................................2

*Sime v. Malouf*,
     95 Cal. App.2d 82 (1949)..................................................................................4

*Spiegler v. Home Depot U.S.A., Inc.*,
     2008 WL 2699787 (C.D. Cal. 2008)................................................................6

*Sprewell v. Golden State Warriors*,
     266 F.3d 979 (9th Cir. 2001)..........................................................................14

*StreamCast Networks, Inc. v. IBIS LLC*,
     2006 WL 5720345 (C.D. Cal. 2006)..............................................................12

*Vess v. Ciba-Geigy Corp. USA*,
     317 F.3d 1097 (9th Cir. 2003)..................................................................10, 11

*Wright v. General Mills, Inc.*,
     2009 WL 3247148 (S.D. Cal. 2009) ..............................................................11

*Yahoo!, Inc. v. One Diamond Electronics, Inc.*,
     2007 WL 2255295 (N.D. Cal. 2007).................................................................3

vi

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1

California & Federal Statutes                                        Page

2

3

Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a).........................................12

4

Lanham Act, 15 U.S.C. § 1051...................................................................................3

5

CAL. BUS. & PROF. CODE § 17200 .........................................................................11

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1   Plaintiff, Wang, Hartmann, Gibbs & Cauley, PLC ("WHGC" or "Plaintiff")

2   hereby submits its opposition to Defendants Jason Brian Witten's ("Witten") and

3   Wang, Hartmann, Gibbs & Cauley, Ltd.'s ("WHGC LTD.") (collectively,

4   "Defendants") Motion to Dismiss the First Amended Complaint ("FAC"), as

5   follows:

6   **I.   INTRODUCTION**

7   Defendants' motion to dismiss is an improper attempt to argue the merits of

8   Plaintiff's claims.  The motion necessarily fails because it depends entirely on

9   Defendants' challenges to Plaintiff's perceived ability to bring sufficient evidence

10  in support of its claims rather than the legal sufficiency of the allegations.

11  However, the motion plainly reflects that Defendants do in fact have notice of the

12  conduct and claims Plaintiff asserts against them.  Further, Defendants' arguments

13  regarding the legal sufficiency of Plaintiff's claims all fail because the FAC

14  properly alleges all its asserted claims.  Specifically, as set forth below, the FAC

15  sufficiently pleads its claims for trademark infringement, breach of fiduciary duty,

16  fraud, unfair business practices, and for declaratory relief.  In addition, the FAC

17  properly sets out the allegations regarding its alter-ego liability theory.  As such,

18  Defendants' motion must be denied in all respects.

19  **II.   LEGAL ARGUMENT**

20  **A.   The Legal Standard For This Motion.**

21  When a complaint is challenged under Rule 12(b)(6), the allegations

22  contained in the complaint must be viewed in the light most favorable to the non-

23  moving party, and "[a]ll allegations of material fact are taken as true and

24  construed in the light most favorable to the nonmoving party." *Cahill v. Liberty*

25  *Mut. Ins.* Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Ordinarily, a pleading is

26  subject only to Rule 8(a), which permits "the bare outline of [one's] claim" and

27  the pleading of "relevant facts at a high level of generality…." *Bautista v. Los*

28  *Angeles County*, 216 F.3d 837, 843 (9th Cir. 2000).  Accordingly, "[i]t is

1

---

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

axiomatic that '[t]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Gilligan v. Jamco Development Corp*., 108 F.3d 246, 248-9 (9th Cir. 1997).  Importantly, under any pleading standard (including under Rules 8(a) or 9(b) below), even though "it may appear on the face of the pleadings that a recovery is very remote and unlikely [] that is not the test." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  Therefore, "[a] complaint should not be dismissed unless a plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (*Id*. at 338 (citing *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)).

### B. Defendants' Affirmative Defense Concerning An Alleged Settlement Agreement Is Not Grounds For Dismissing The FAC

Defendants' arguments based on the supposed existence of a settlement agreement violates the most basic tenet of Rule 12(b)(6):  namely, that all material facts in the FAC are assumed as true, and challenges under the rule are limited to the allegations within four corners of the complaint.  "Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. (cite omitted)."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*., 896 F.2d 1542, 1555 fn 19 (9th Cir.1990); *Gallagher v. San Diego Unified Port Dist.*, 2009 WL 2781553 at *4). (S.D. Cal. 2009).[1]

Accordingly, the existence and enforceability of a supposed settlement agreement which Defendants contend resolves Plaintiff's claims "is a matter more

---

[1] The narrow exception to this rule is that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  However, the settlement agreement alleged by Defendants in their Motion meet none of these requirements.  *Ranch Realty, Inc. v. DC Ranch Realty, LLC*, 614 F.Supp.2d 983, 988 (D.Ariz., 2007).

properly decided under the summary judgment framework than under a Rule 12(b)(6) motion to dismiss."  *Makua v. Gates*, 2009 WL 3923327 at *3 (D.Hawai'I 2009).  Thus, Defendants' Motion should be denied on this ground.

### C.   The First Cause Of Action For Trademark Infringement Is Properly Pled.

The FAC properly pleads the elements for a private right of action under the Lanham Act, 15 U.S.C. § 1051 *et seq.*[2] While Defendants attempt to interject extraneous facts to dispute the evidentiary merits of Plaintiffs' allegations that Defendants' unauthorized use of WHGC's service mark is likely to cause confusion among clients for legal services as to the source of those legal services, this is not an appropriate basis for a motion to dismiss the claim at the pleading stages of this action.  Because Witten's scope of use of WHGC's service mark was limited, at best, to the scope of his full-time employment with WHGC and "endeavor for WHGC's benefit," Witten's use thereof in emails, letterhead, and internet websites to solicit WHGC's existing and prospective clients in connection with his separate law firm business without WHGC's knowledge or consent as described above constituted trademark infringement. FAC, para. 14, 22, 25.[3] WHGC was damaged by this conduct. (FAC, para. 33).  Accordingly, WHGC's claim for trademark infringement is sufficiently pled.

---

[2] Specifically, the FAC properly pleads the following requisite elements: (1) ownership of the mark (FAC, para. 31), (2) an unconsented use by Defendants of the mark (FAC, para. 32), and (3) a mark that is likely to cause confusion in the marketplace. FAC, para. 32.  15 U.S.C. §1114(1)(a); *Dep Corp. v. Opti-Ray, Inc.*, 768 F. Supp. 710, 712 (C.D. Cal. 1991).

[3] *See Yahoo!, Inc. v. One Diamond Electronics, Inc.,* 2007 WL 2255295 at *1 (N.D. Cal. 2007) (*quoting S.O.S., Inc. v. Payday Inc.,* 886 F.2d 1081, 1087 (9th Cir. 1989)) ("[A] claim that a licensee has used the licensor's intellectual property 'beyond the scope of [the parties'] license' presents a federal infringement claim.")).  *See also In Summit Entertainment, LLC v. Beckett Media, LLC*, 2010

---

3

### D.   The Second Cause Of Action For Breach Of Fiduciary Duty Is Properly Pled.

As detailed below, the FAC sufficiently pleads the elements of a breach of fiduciary duty, including the requisite fiduciary duty owed by Witten to WHGC, a breach of that duty, and attendant damages.  *See Oates v. City of Lincoln* (2001) 93 Cal.App.4th 25, 35.  Further, inquiry into the facts supporting that relationship is inappropriate at the pleading stage because the "[e]xistence of a confidential or fiduciary relationship depends on the circumstances of each case and is a question of fact for the fact trier…" (*In re Daisy Systems Corp.*, 97 F.3d 1171, 1178 (9th Cir. (Cal.) 1996) (*quoting Kudokas v. Balkus*, 26 Cal. App.3d 744, 750 (1972)).

By suggesting that a fiduciary duty could only have existed between the parties based upon a partnership relationship, Defendants fail to acknowledge the law that fiduciary duties may arise either by law *or* by agreement. *GAB Business Services, Inc. v. Lindsey & Newsom Claim Services*, Inc., 83 Cal. App. 4th 409, 416 (2000), disapproved on other grounds by *Reeves v. Hanlon*, 33 Cal.4th 1140, 1153 (2004).  "Compliance with fiduciary duties is exacted as a matter of law from parties to various technical relationships, such as partnerships and joint ventures. But entirely apart from such instances, a fiduciary status may exist as a matter of fact where it would not otherwise be inferred from the mere relationship of the parties." *Sime v. Malouf*. 95 Cal. App.2d 82, 98 (1949).  The confidential relationship is created "when confidence is reposed by persons in the integrity of others, and … the latter voluntarily accepts or assumes to accept the confidence…'" *LaMonte v. Sanwa Bank California*, 45 Cal.App.4th 509, 517 (1996). The test is a liberal one, and "the question is only whether the plaintiff actually reposed … trust and confidence in the other, and whether the other

WL 147958 at *3 (C.D. Cal. 2010).

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  'accepted the relationship.'" *Id.*[4]  "Confidential relations protects the trust that is

2  implicit in relationships between employers and employees, between masters and

3  servants, and between principals and agents."  *Balboa Insurance Company v.*

4  *Trans Global Equities* 218 Cal. App.3d 1327, 1350-1351 (1990).

5        In pleading a confidential relationship between Witten and WHGC, the

6  FAC avers that Witten, as a long-time employee from 1998 (and an associate

7  attorney from 2002) until September 2010, "was eventually entrusted by WHGC

8  with many management-related duties of the firm, and was relied upon for his

9  continued work and advisement for WHGC in the firm's continued growth and

10 expansion." FAC, para. 12.  Witten's duties with WHGC included "[o]btaining

11 and maintaining clients for WHGC," "[s]upervising and directing the work and

12 activities of associates at WHGC," provi[ding] … opinions and analyses for

13 WHGC related to its internal financial and legal affairs," "negotiate[ing] …

14 contracts with WHGC's vendors and suppliers," and "[s]erving as the 'face' of the

15 firm in both domestic and international sales 'pitches.'" FAC, para. 40(a)-(e).  As

16 a result, the claim is thus properly pled.

17        **E.    The Third Cause Of Action For Fraud Is Properly Pled.**

18        Plaintiff's third claim sounds in fraud, and as such it is subject to the

19 heightened pleading standards of Federal Rule of Civil Procedure 9(b).  However,

20 a district court "cannot make Rule 9(b) carry more weight than it was meant to

21 bear." (*Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (*quoting In re*

22 *GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1554 (9th Cir. 1994)]).  Specifically, for

23 purposes of Rule 9(b), "[a] pleading is sufficient under Rule 9(b) if it identifies the

24 circumstances constituting fraud so that the defendant can prepare an adequate

25 ────────────────────

26 [4] Accordingly, a fiduciary relationship may exist between an employee and
   employer, where "additional ties [are] brought out in order to create … a
27 confidential relationship between the two."  *Miller v. Yokohama Tire Corp.*, 358

28

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1    answer from the allegations." (emphasis added) (*Neubroner v. Milken*, 6 F.3d 666,

2    671-72 (9th Cir. 1993)).  To satisfy Rule 9(b), the pleader must state the time,

3    place and specific content of the false representations as well as the identities of

4    the parties to the misrepresentation.' (*Alan Neuman Productions, Inc. v. Albright*,

5    862 F.2d 1388, 1393 (9th Cir. 1988)). In this case, the FAC has sufficiently pled

6    these facts to place defendants on proper notice to enable them to prepare an

7    adequate answer thereto.[5]

8         **1.    Defendants Admit Sufficient Notice To Enable An**
              **Adequate Answer.**
9

10        As a threshold matter, the Motion reveals that Defendants have notice of the

11   misrepresentations and omissions for which they are accused of because they

12   gratuitously (and improperly) attempt to inject extraneous facts to provide further

13   details of the very transactions for which they claim ignorance.  For example,

14   Defendants acknowledge they know the identity of the "single client" referred to

15   in the FAC which WHGC alleges was improperly solicited by Witten, through

16   WHGC LTD., and attempt to explain that "[t]he entire matter consisted of about

17   £3,000."  Motion, p. 1.  The Motion further defends against the claims of fraud by

18

19   _____

20   F.3d 616, 621 (9th Cir. 2004).

21   [5] A claim for fraud requires (1) a false promise or representation as to a material
     fact; (2) which was made with knowledge of its falsity or without any intention of

22   performing or fulfilling the promise; (3) with an intent to deceive and to cause
     reliance; and (4) actual reliance thereon resulting in injury and damage." *Medical*

23   *Instrument Development Laboratories v. Alcon Laboratories*, 2005 WL 1926673 at

24   *4 (N.D. Cal. 2005).  Similarly, a claim for fraudulent concealment requires (1)
     suppression of a material fact (2) by one who is bound to disclose it (3) with intent

25   to deceive a person unaware of the concealed fact and who would not have acted
     had he known of the fact. *Newson v. Countrywide Home Loans, Inc.*, 2010 WL

26   4939795 at *5 (N.D. Cal. 2010); *Spiegler v. Home Depot U.S.A., Inc.*, 2008 WL

27   2699787 at *5 (C.D. Cal. 2008) (The alleged "[m]isrepresentation need not be oral;

28   it may be implied by conduct. (cite omitted)").

     6

     PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
     DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  attempting to explain that "Jeffrey Wang … of WHGC [] used this event as an

2  excuse to wrongfully breach his agreement with Witten concerning Witten's

3  ownership and operation [sic] WHGC UK."  Motion, p.1.  These contentions

4  demonstrate that Defendants are on notice of the conduct of which they are

5  accused, and are fully prepared to furnish "an adequate answer from the

6  allegations" so that the policies and requirements of Rule 9(b) have been met.

7  *Neubroner*, 6 F.3d at 671-72.

8            **2.      The FAC Specifically Pleads Defendants' Fraud.**

9            Next, the FAC sufficiently apprises Defendants of the misrepresentations

10  and omissions for which Plaintiff seeks to hold them liable.  In pertinent part, it is

11  alleged that at Witten's request in about 2009, "WHGC agreed to allow Witten a

12  limited amount of time to set up an office in London to test the viability and

13  profitability of having such an office in that location to expand WHGC's business.

14  FAC, para. 13 – 14.  "Witten … volunteered that he be the individual principally

15  responsible in assisting WHGC to set up and manage the affiliate office." FAC,

16  para. 13.  Mr. Witten further represented to WHGC that "as a full-time employee

17  of WHGC, all clients for whom Mr. Witten performed legal services were

18  WHGC's clients" which in turn required that "all [such] clients … were to be

19  reported … to WHGC," and further that all "administration and accounting

20  matters were to remain centrally-based in, and directed from, WHGC's

21  headquarters … in … California" including the preparation and issuance of

22  invoices."  FAC, para. 16 – 17.  Witten was also required "to continue to submit

23  monthly timesheets" to WHGC.  FAC, para. 17.  Moreover, these representations

24  of managing WHGC's operations in Europe included an implied representation

25  and promise of his "continued loyalty and dedication to the firm" and that "Witten

26  would not use [WHGC's resources] for his sole personal benefit and/or in a

27  manner that would injure WHGC."  FAC, para. 12.

28            The FAC details additional representations, which were made by Mr.

7

Witten "without any intention to perform them when he made them." FAC, para. 53. In particular, Mr. Witten made the specifically-enumerated promises outlined in the "WHGC Employee Handbook" without any intention to perform them at the time that he signed the Handbook. FAC, para. 53. These included promises to avoid any "[u]nauthorized use of … documents, forms, client lists, keys or equipment" or "[u]nauthorized possession … or use of Wang, Hartmann & Gibbs, PC property, information or funds," and that "[i]f [he] engage[d] in any activity, transaction or investment that might cause a conflict between personal and Wang, Hartmann & Gibbs, PC interests, information about that potential conflict must be disclosed in writing." FAC, para. 53.[6]

Thus, the gravamen of the FAC with respect to its fraud allegations is that Witten's affirmative representations above were made without any intent to perform them (i.e., "false promise") (FAC, para. 53), or in the alternative that they were actual misrepresentations of fact. FAC, paras. 21-28; 51-55. For example, Mr. Witten's representation concerning his plan to test the European market for WHGC is a misrepresentation of the truth that Mr. Witten intended to set up his own separate business in addition to providing any services to WHGC as WHGC's full-time employee. Similarly, Mr. Witten's representation of his promise to continue to submit his time reports is a misrepresentation of the truth that he never intended to include in those time reports the billable time he spent on legal matters that he planned to keep for himself and WHGC LTD. FAC, para. 13-14, 17 and 21. In addition, Mr. Witten was under a duty to disclose these material

---

[6] Plaintiff is not required to identify and detail each and every specific transaction which may be fraudulent. *Hayley v. Parker*, 2002 WL 925322 at *5 (C.D. Cal. 2002). Therefore, Plaintiff is not required to plead every minutiae of detail as suggested by Defendants with regard to every false representation referred to in the FAC which may be ascertained in discovery, including any "disclosure of WHGC CA's secrets." Motion, p.4.

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1  facts because he was both an employee and an alleged fiduciary of WHGC.  Mr.

2  Witten's concealed fraudulent activities continued after Mr. Witten's initial

3  promises and representations because he continued to actively conceal that he was

4  soliciting WHGC's clients during his full-time employment with WHGC.  FAC,

5  para. 40-42, 49, 51.[7]

6      Moreover, the FAC alleges that in September 2010, Mr. Witten refused

7  WHGC's request that he close the London office and return to the United States

8  when the European-based endeavor was proving unprofitable for WHGC.

9  Although WHGC at that time "agreed … to allow Witten to continue his

10 affiliation with WHGC on the condition that his status be reduced from full-time

11 employment to 'of counsel' status," WHGC learned soon thereafter that Witten

12 had secretly emailed "one of WHGC's long-standing clients … [with] an

13 [unauthorized] invoice dated October 1, 2010, billing the client for services

14 rendered [in] September, 2010."  FAC, para. 18-19, 22.  Particularly disturbing

15 was the fact that WHGC's trade name and logo was imprinted on the invoice,

16 evidencing that Witten was exploiting his affiliation and resources with WHGC as

17 a means to market these concealed services to existing and prospective clients of

18 WHGC.  FAC, para. 22-23; Exhibits A-C.  Importantly, Mr. Witten concealed

19 these activities through his company WHGC LTD until about October 2010,

20 because Mr. Witten had been submitting monthly time-billing entries to WHGC,

21 giving to WHGC the appearance that all of his time was devoted to WHGC.

22 FAC, para. 45 and 52.  Furthermore, Mr. Witten even "deliberately bypassed

23

24

25 [7] "A plaintiff alleging fraudulent concealment need not meet the same heightened pleading standard as plaintiffs alleging other types of fraud … because a plaintiff alleging fraudulent concealment will 'not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim. (cite omitted)."  *Kinkade v. Trojan Express, LLC*, 2009 WL 799390 at *3 (C.D. Cal. 2009).

26

27

28

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

WHGC staff who were in charge of billing clients" in order to conceal these improper activities. FAC, para. 28.[8] Accordingly, the FAC sufficiently provides Defendants with explicit notice of Mr. Witten's alleged false promises, misrepresentations, and concealed betrayal (FAC, para. 21, 24), and that he was thus "engaging in activities for his own personal benefit and to the direct injury of WHGC." (FAC, para. 20).

"[K]nowledge and intent may be alleged generally," because Rule 9(b) itself provides that "malice, intent, knowledge, and other condition of mind of a person may be averred generally." *Marolda v. Symantec Corp*., 672 F. Supp. 2d 992, 1001 (N.D.Cal. 2009); FED. R. CIV. P. 9(b) (Moreover, "their substance is within [defendants'] knowledge…."))  Accordingly, the FAC alleges that Mr. Witten knowingly made these false representations and concealed material facts with the intent to induce reliance by WHGC to continue to pay Mr. Witten his normal full-time salary and benefits and to provide him with access to use WHGC's trademark and resources.  FAC, para. 51-54.  WHGC reasonably relied on Mr. Witten's "false promises and … concealment" by agreeing and in fact doing so.  FAC, para. 14, 16-17, 51, 54-55.  In sum, Plaintiff's fraud claim meets the requirements of Rule 9(b) and is otherwise properly pled.

### 3.     To the Extent Allegations of Fraud are Incorporated Into Other Claims, The FAC Is Sufficiently Pled.

"[I]n a case where fraud is not an essential element of a claim, only allegations ('averments') of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b).  Thus, allegations of non-fraudulent conduct need satisfy only the ordinary notice pleading standards of Rule 8(a)." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-05 (9th Cir. 2003); *Kearns v. Ford*

---

[8] Indeed, Mr. Witten failed to disclose his improper activities until he was confronted by WHGC in October 2010. FAC, paras. 25-26.

10

1   *Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009); Motion, pp. 12, 14.[9]   Thus,

2   "application of Rule 9(b)'s heightened pleading requirements only to 'averments'

3   of fraud supporting a claim rather than to the claim as a whole not only comports

4   with the text of the rule; it also comports with the rule's purpose of protecting a

5   defendant from reputational harm." *Vess, supra*, at 1104.  Accordingly, to the

6   extent that the fraud allegations are incorporated by reference into any of the other

7   claims, such incorporated allegations have been sufficiently pleaded as well.

8   **F.   The Fifth Cause Of Action For Unfair Business Practices Is**
9   **Sufficiently Pled.**

10          The Unfair Competition Law ("UCL"), which prohibits any "unlawful,

11   unfair or fraudulent business act[s] or practice[s]" CAL. BUS. & PROF. CODE §

12   17200, "'borrows' violations of other laws and treats them as unlawful practices

13   independently actionable….'"  *Cel-Tech Comm., Inc. v. Los Angeles* 20 Cal. 4th

14   163, 180 (1999).  Moreover, the scope of section 17200 "is broad ...[,] [i]ts

15   coverage is 'sweeping, embracing' "anything that can properly be called a

16   business practice and that at the same time is forbidden by law.'" *Id*. at 180. "The

17   'unlawful' practices prohibited by section 17200 are any practices forbidden by

18   law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or

19   court-made. (citation omitted)." *Wright v. General Mills, Inc*., 2009 WL 3247148

20   at *6 (S.D. Cal. 2009).  Pleading a UCL claim is ordinarily reviewed under Rule

21   8(a).[10]  *Franklin Fueling Systems, Inc. v. Veeder-Root Co*., 2009 WL 2462505 at

22   *8 (E.D. Cal. 2009). Moreover, "[t]o state a claim under §17200 one need not

23   plead … the elements of a tort."  *Garcia v. Coleman*, 2008 WL 4166854 at *17

24   _____

25   [9] Only in the instance that a plaintiff relies entirely on a course of fraudulent
26   conduct to support every claim is a pleading "as a whole" subject to Rule 9(b).
    *Kearns*, at 1124.
27   [10] It is only where the UCL claim is necessarily grounded in fraud that it is subject
28   to Rule 9(a).  *Marcelos v. Dominguez*, 2008 WL 2788173 at *10 (N.D. Cal. 2008).

11

(N.D.Cal. 2008).[11]  "Thus, so long as the claim alleges the theory upon which the UCL claim is based, it is sufficient to meet the 'fair notice' requirement under Rule 8(a)." *Id.*

Here, WHGC's UCL claim specifically incorporates by reference those predicate claims, averring that "[b]y the conduct of Defendants … which involved acts such as … using WHGC's trademarked name and logo in the manner described herein, breaching fiduciary duties, committing fraud, and conversion/embezzlement, Defendants have intentionally and willfully engaged in unlawful, unfair and/or fraudulent methods of competition, and unfair or deceptive acts and/or practices."  FAC, para. 68.  Indeed, so long as an underlying predicate tort claim that has been sufficiently pleaded and referenced therein, then the UCL claim must survive.  *Doe v. Abbott Labs.*, 2004 WL 3639688 at *6 (N.D. Cal.).[12]

### G.    Plaintiff's Sixth Claim For Declaratory Relief Is Properly Pled.

#### 1.    The FAC Properly Pleads a Declaratory Relief Claim.

As an initial matter, the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a) ("FDJA"), permits this Court to exercise discretion to provide declaratory relief "whether or not further relief is or could be sought."  *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1470 (1984).  Declaratory judgment jurisdiction should ordinarily stand when there is "an actual controversy and a declaratory judgment would settle the legal relations in dispute and afford relief from uncertainty or insecurity."  *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993); *National Union Fire Ins. Co. of Pittsburgh, P.A. v. NVIDIA Corp.*, 2009

---

[11] "[A] section 17200 violation, unlike common law fraud, can be shown even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage. (cite omitted)." *StreamCast Networks, Inc. v. IBIS LLC,* 2006 WL 5720345 at *11 (C.D. Cal. 2006).

[12] WHGC's tortious conversion claim, which is unchallenged in the Motion, may be itself support the UCL claim.

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1   WL 2566719 at *4 (N.D. Cal. 2009).

2          In this case, the FAC pleads "an actual controversy … between WHGC,

3   Witten, and WHGC LTD concerning their respective rights and duties." FAC,

4   para. 72.  WHGC requests "a judicial determination of Witten and WHGC Ltd.'s

5   rights and duties, and a declaration" with respect to a number of specifically-

6   enumerated issues.  FAC, para. 73(a) – (t).  Here additional declaratory relief is

7   sought which may impact the future relationship of the parties according to proof.

8   *Barrous v. BP P.L.C.*, 2010 WL 4024774 at *6 (N.D. Cal. 2010) (declaratory

9   ordinarily appropriate where it "operates prospectively.").[13]   The declaratory

10  relief sought is therefore appropriate and independent of other relief sought under

11  other joined causes of action.

12         Moreover, a court is certainly not required to dismiss a declaratory relief

13  action merely because it might result in duplicative relief, especially where it is

14  not clear (as here) at this early pleading stage whether the declaratory relief would

15  be purely duplicative of the relief available under other joined claims.  *Old Grove*

16  *Service, Inc. v. McDonald's Corp.*, 2007 WL 4258338 at *4 (S.D. Cal. 2007)

17  (court declining to dismiss declaratory relief action notwithstanding that it could

18  afford duplicative relief, "at th[e] early pleading stage in the litigation process.").[14]

19  Defendants devote a substantial part of their Motion to an argument unsupported

20  _____

21  [13] In *Barrous v. BP P.L.C.*, 2010 WL 4024774 at *6(N.D. Cal. 2010), the court
    permitted a declaratory judgment action over Defendants' argument that the relief
22  sought would be duplicative of the other 14 contract and tort claims for relief,
23  where the parties had an ongoing contractual relationship and it was therefore not
    clear at the pleading stage remedies under those other causes of action. *Id.* at *6.
24  [14] Where possible duplication of relief is an issue considered, "the appropriate
25  inquiry is to determine whether there are claims in the case that exist independent
26  of any request for purely declaratory relief; that is, claims that would continue to
    exist if the request for a declaration simply dropped from the case." *People of*
27  *California v. Kinder Morgan Energy Partners, L.P.*, 569 F.Supp.2d 1073, 1091
28  (S.D. Cal. 2008).

13

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1   by any applicable case law authority; namely, that WHGC's declaratory relief

2   action somehow contradicts the other allegations of the FAC and renders them

3   ambiguous.  This is simply not the law.[15]   Moreover, the allegations of the

4   declaratory relief action support – rather than contradict – the facts of the other

5   claims in any event. Accordingly, because the Court has discretion to afford the

6   alternative declaratory relief herein, and the claim on its face serves a proper and

7   useful purpose to govern the parties' relations going forward, the Motion should

8   be denied with respect to this claim.

9   **H.    The FAC's Alter Ego Allegations Are Sufficiently Pled.**

10        "A parties' alter-ego theory need not be alleged with particularity," and

11   Defendants do not explain how the averments are specifically deficient.  *Matlink,*

12   *Inc. v. Matlink, Inc*., 2006 U.S. Dist. LEXIS 83508 (S.D. Cal. 2006).  Indeed,

13   none of the cases cited by Defendants even mention alter-ego allegations, much

14   less pleading standards thereof; accordingly, they provide no meaningful guidance

15   to support their Motion in this regard.  Instead, for purposes of alter-ego theory,

16   WHGC is required only to plead "the bare outlines of [the] claim' (cite omitted)."

17   *Dion LLC v. Infotek Wireless, Inc*., 2007 WL 3231738 at *4 (N.D. Cal. 2007).

18   Here, the FAC's alter-ego allegations at paragraph 5, buttressed by other

19   allegations in the FAC that WHGC Ltd. "was … set up by Witten" (FAC, para.

20   23), was "the entity through which Witten conducted the unlawful activities

21   described" including "us[ing] WHGC's trademarked name and logo for the

22   purposes of taking WHGC's existing clients, seeking new clients for Witten's sole

23   benefit … and directly competing against WHGC for business,"  (FAC, para. 43,

24   51), meet the pleading requirements of Rule 8(a).

25   _____

26   [15] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), which did

27   not even consider any declaratory relief action, simply restates hornbook law that

28   "the court need not … accept as true allegations that contradict matters properly

14

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

III.    **CONCLUSION**

Based upon the foregoing, WHGC respectfully requests that Defendants' Motion be denied in its entirety.

Dated: January 3, 2011    WANG HARTMANN GIBBS & CAULEY, PLC

By:    /s/ Richard F. Cauley
       Richard F. Cauley
       John D. van Loben Sels
       Attorneys for Plaintiff
       WANG HARTMANN GIBBS & CAULEY

subject to judicial notice or by exhibit."

PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 1301 Dove Street, Suite 1050, Newport Beach, CA 92660.

     On **January 3, 2011** I served the foregoing document described as:

**PLAINTIFF WANG, HARTMANN, GIBBS & CAULEY, PLC'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

on the interested party(ies) in this action by placing a true and correct copy thereof enclosed in a sealed envelope address as follows:

### PLEASE SEE ATTACHED SERVICE LIST

**X**    BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence of mailing. Under that practice it would be deposited with U.S. postal serve on that same day with postage thereon fully prepaid at Orange County, California in the ordinary course of business. I am aware that in motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    BY PERSONAL SERVICE: I delivered such envelope by hand to the offices of the addressee as indicated on the attached service list.

☐    BY FACSIMILE: I caused such documents to be communicated via facsimile to the addressee as indicated on the attached service list.

☐    BY FEDERAL EXPRESS: I caused said document(s) to be sent via Federal Express to the addressee as indicated on the attached service list.

**X**    BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I transmitted the document(s) electronically to the person(s) at the email address(es) listed on the attached service list. The transmission was reported as complete and without error.

Executed **January 3, 2011** at Newport Beach, California.

☐    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**X**    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose discretion the service was made.

Faiza Anwar

1

**PROOF OF SERVICE LIST**

2

3
Jason B. Witten
**Witten Law, Ltd**
Atrium Court
4
Suite 332B
The Ring
5
Bracknell RG12 1BW
England
6
j.witten@wittenltd.com

7

8
*Attorney for Jason Brian Witten, an individual and Wang, Hartmann, Gibbs & Cauley, Ltd., United Kingdom Private Limited Company*

9
4839-9262-4904, v. 1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28